**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION NO:**

**PAUL J. JENKINS**

**VS.**

**MARGARET DAVIS MULLEN**
**WILLIAM F. MULLEN**
**JOHN DOE**
**STEVEN DINEZZA**
**LEA DINEZZA**
**PAUL GILMORE**
**AFFORDABLE FUNDING MORTGAGE CORPORATION**
**RICHARD COSTA**
**ARGENT MORTGAGE COMPANY, LLC**

CA 05 513

# COMPLAINT

## INTRODUCTION

This is a complex civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. 1961 *et seq.*; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this honorable Superior Court deems just and proper under all circumstances which have occasioned this Initial COMPLAINT. See 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO").

The primary cause of this action is a widespread criminal *enterprise* engaged in a *pattern of racketeering activity* across State lines, and a conspiracy to engage in *racketeering activity* involving numerous RICO predicate acts during the past three (3) calendar years.

RICO predicate acts, although *appearing* to be isolated events, were actually part of the overall conspiracy and *pattern of racketeering activity* alleged herein, *e.g.* mail fraud and bank fraud. See 18 U.S.C. §§ 1341 and 1344, respectively.

## JURISDICTION

1. Plaintiff Paul J. Jenkins (hereinafter "JENKINS") is a resident of the City of Providence in the State of Rhode Island.

2. Defendants Margaret Davis Mullen and William F. Mullen (hereinafter "MULLEN") are licensed attorneys registered with the Massachusetts Board of Bar Overseers, maintaining a usual place of business in Dedham, Massachusetts.

3. Defendant "John Doe" (hereinafter "DOE") is a real estate broker licensed by the State of Rhode Island and maintaining a usual place of business in Newton, Massachusetts.

4. Defendants Steven Dinezza and Lea Dinezza (hereinafter "DINEZZA") are Residents of Cranston in the State of Rhode Island.

5. Defendant Paul Gilmore (hereinafter "GILMORE") is a real estate appraiser Licensed by the State of Rhode Island, maintaining a usual place of business in Johnston, Rhode Island.

6. Defendant Affordable Funding Mortgage Corporation (hereinafter "AFFORDABLE") is a Rhode Island corporation maintaining a usual place of business in East Greenwich, RI.

7. Defendant Richard Costa (hereinafter "COSTA") is a resident of the State of Rhode Island and was at all times material herein an agent/servant/employee of Affordable.

**8.** This action arises under the provisions of the **Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. S 1961 et seq.** and Various state law claims. This Court has jurisdiction over the case pursuant to 28 U.S.C. s 1331 because this complaint arises under the laws of the United States, and 28 U.S.C. S1367 because supplemental claims arising under the laws of the State of Rhode Island are so related to the Federal claims in this action that they form part of the same case or controversy.

9. Venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. S 1391 (b) (2) because a substantial part of the events and omissions giving rise to these claims occurred in Rhode Island, DINEZZA, COSTA and GILMORE reside in Rhode Island, AFFORDABLE is domiciled in Rhode Island, ARGENT is registered as a business entity in Rhode Island, and MULLEN and DOE transact business in Rhode Island.

10. All of the Defendants are subject to the exercise of the personal jurisdiction by This Court.

11. There exists now between the parties an actual, justifiable controversy in which The Plaintiff is entitled to relief because of the facts and circumstances set forth below.

12. Jenkins has been the victim of an illegal scheme perpetrated by MULLEN, DOE, DINEZZA, AFFORDABLE and COSTA to larcenously misappropriate, misuse and convert JENKIN'S funds by use of fraud, deception and trick.

13. ARGENT has oversight responsibility for the audit and review of closings Conducted on their behalf by MULLEN and has been negligent in its ongoing failure to perform its fiduciary responsibilities owed to JENKINS.

14. Defendants MULLEN, DOE, DINEZZA, GILMORE, AFFORDABLE and COSTA participated in the scheme using ARGENT as an enterprise to facilitate and conduct their unlawful activities.

15. In or around March of 2003 JENKINS agreed to purchase premises located on Hendrick Street, Providence, RI from DINEZZA for the sum of $148,900.00, with Doe's broker's commission to be paid by the said seller DINEZZA. Unknown to JENKINS at the time, DOE and DINEZZA had already agreed that JENKINS would end up paying the broker's commission in keeping with Doe's standard Operating procedure. GILMORE, acting in concert with DOE and DINEZZA along with COSTA and AFFORDABLE, performed a spurious real estate appraisal stating that the value of the premises was $140,000.00 with an assumption that DINEZZA would be making a cash contribution to Jenkins's Closing costs. Doe misrepresented to JENKINS that the property had met the required appraisal, which in fact it did not. DOE, AFFORDABLE and COSTA proceeded to supply ARGENT with conflicting information as to purchase and sale terms in order to secure JENKINS a first mortgage. In the exercise of due care employees of ARGENT would have known or should have known that DOE, AFFORDABLE and COSTA were perpetrating a fraudulent scheme. DOE and COSTA proceeded to inform JENKINS that the lender would not advance sufficient funds to close the deal due to Jenkins's credit issues; at this time DOE proposed that to make the deal work JENKINS could pay Doe's $8,900.00 commission via a second mortgage. Over time the closing costs to be paid by JENKINS kept rising steadily, going far above the figures related by DOE. At one

point in time JENKINS requested to rescind the purchase and sale agreement, but DOE said that Jerkin's deposit would not be returned.

16. DOE informed JENKINS that ARGENT had selected MULLEN as its closing Settlement agent. DOE failed to inform JENKINS that MULLEN had acted as Doe's attorney and was a business associate of DOE.

17. On or about May 27th, 2003 COSTA verbally reviewed closing costs with JENKINS. On May 29th, 2003 JENKINS received a message from MULLEN that the closing costs had gone up another $5,000.00.

18. On May 30th, 2003 MULLEN closed both the ARGENT first mortgage loan and The DOE second mortgage loan. MULLEN and DOE stated that ARGENT wanted JENKINS and DINEZZA to sign a "side agreement" stating that the $5,000.00 paper credited to JENKINS on the RESPA form never occurred in reality. MULLEN and DOE stated that ARGENT did not have time to generate a new RESPA, even though MULLEN failed to put the deed and mortgage on record until June 9, 2003.

19. Subsequent to May 30th, 2003 JENKINS discovered that Gilmore's appraisal Was fraudulent and that ARGENT never received the $5,000.00 "side agreement." In point of fact ARGENT characterized the side agreement as a "deliberate deception" that would have justified not funding the loan. JENKINS father discovered that the RESPA statement supplied to ARGENT did not match the RESPA statement supplied to JENKINS. It became apparent that MULLEN, DOE, COSTA, DINEZZA and AFFORDABLE, along with the assistance of GILMORE, had defrauded and over-charged JENKINS in an illegal closing cost mark up scheme, implementing excess charges for legal fees, costs and title insurance commissions.

20. ARGENT, MULLEN, DOE, DINEZZA, GILMORE, COSTA AND AFFORDABLE associated in fact, collectively and in groups, as separate enterprises engaged in, or enterprises, in fact, engaged in, or the activities which affect, interstate commerce.

21. ARGENT, via use of United States Mail, banking transactions, purchases of goods and services, and its general operations conducts business in Rhode Island and throughout the United States.

22. MULLEN, COSTA and AFFORDABLE were acting as the Agents/servants/representatives/associates of ARGENT, and participated directly or indirectly in the affairs of ARGENT through a pattern of racketeering activity.

23. Argent's failure to exercise it oversight responsibilities as to MULLEN Resulted in fiscal damage to be suffered by JENKINS by this breach of fiduciary duty.

24. MULLEN, DOE, DINEZZA, COSTA, GILMORE, AFFORDABLE and COSTA Knowingly engaged in a conspiracy to embezzle and convert Jenkins's funds as participants in a repeated pattern of racketeering activities as defined by **18 U.S.C. 1961 et seq.**

**COUNT ONE:**

Acquisition and Maintenance of an Interest in and Control of an *Enterprise* Engaged in a *Pattern of Racketeering Activity*: 18 U.S.C. §§ 1961(5), 1962(b)

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

At various times and places all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO *enterprise* of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

During the ten (10) calendar years preceding March 1, 2003 *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective

*racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(b) *supra*.

Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

*Respondeat superior* (principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise).

**COUNT TWO:**
Conduct and Participation in a RICO *Enterprise*
through a *Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(c)

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

At various times and places all Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

During the ten (10) calendar years preceding March 1, 2003 *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are

itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(c) *supra*.

Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

**COUNT THREE:**
Conspiracy to Engage in a
*Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(d)

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

At various times and places partially all Defendants did conspire to acquire and maintain an interest in a RICO *enterprise* engaged in a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(b) and (d).

At various times and places partially enumerated in Plaintiff's *documentary material*, all Defendants did also conspire to conduct and participate in said RICO *enterprise*

through a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(c) and (d).

See also 18 U.S.C. §§ 1961(4), (5) and (9).

During the ten (10) calendar years preceding March 1, 2003 *A.D.*, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of 18 U.S.C. 1962(d) (Prohibited activities *supra*).

Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

**Count Four:**
**Fraud and Deceit**

Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

All defendants jointly and severally and with **scienter** misrepresented the actual costs, nature, terms and purchase price

of the subject properly causing justifiable reliance by the plaintiff. Plaintiff was thus fraudulently induced to accept the deed and mortgage terms presented with a false understanding of the true costs, duties and risks undertaken. There was no meeting of the minds between the plaintiff and the defendants, and therefore the entire transaction should be rendered null and void.

## RELIEF REQUESTED

***Wherefore***, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiff requests judgment against all named Defendants as follows:

**ON COUNT ONE:**

1. 1. That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

2. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from acquiring or maintaining, whether directly

or indirectly, any interest in or control of any RICO *enterprise* of *persons*, or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

3. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT ONE *supra*.

4. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of *racketeering activity* in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s).

5. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

6. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

7. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(b), according to the best available proof.

8. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees, at a minimum of $150.00 per hour.

9. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

10. That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

**ON COUNT TWO:**

1. 1. That this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign

commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

2. 2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra*.

3. 3. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from associating with any RICO *enterprise* of *persons*, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

4. 4. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conducting or participating, either directly or indirectly, in the conduct of the affairs of any RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) and 1962(c) *supra*.

5. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT TWO *supra*.

6. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

8. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

9. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees, at a minimum of $150.00 per hour.

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

**ON COUNT THREE:**

1. 1. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, a RICO *enterprise* engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) *supra*.

2. 2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct

and participate in said RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra*.

3. 3. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO *enterprise* that engages in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) *supra.*

4. 4. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra.*

5. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT THREE *supra*.

6. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) *supra* and from all other violation(s) of applicable State and federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

8. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

9. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable counsel's fees, at a minimum of $150.00 per hour.

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from

their several acts of racketeering in violation of 18 U.S.C. 1962(d) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

**ON COUNT Four:**

1. 1. That this court issue and order finding the entire real estate transaction, both deed and mortgages, to be null and void, with both the plaintiff and all defendants being restored, to the extent possible, to their status prior to the execution of the purchase and sale agreement. Both JENKINS and ARGENT would have all their funds returned to them, and possession of the real estate would revert back to DINEZZA.

2. 2. That this court issue an order precluding ARGENT and its successors in interest from proceeding with any legal action to foreclose on the subject premises pending resolution of this legal action.

**SUMMARY OF DAMAGES**

| | |
|---|---|
| Summary of Reasonable Counsel's Fees: | TBA |
| Summary of Consequential Damages: | TBA |
| Summary of Actual Damages (partial list): | |
| Embezzled funds, mark-ups, overcharges, Excess legal and title fees, second mortgage payments | |
| Subtotal: | $20,000.00 |
| Summary of Punitive Damages (3x): | $60,000.00 |
| **TOTAL DAMAGES** (minimum): | $60,000.00 |

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues triable to a jury lawfully convened.

**VERIFICATION**

I, Paul Jenkins, Plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, that the above statement of facts and laws is true and correct, according to the best of My current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See the Supremacy Clause in the Constitution for the United States of America, as lawfully amended (hereinafter "U.S. Constitution").

Dated: December 9, 2005

Signed: /s/ Paul Jenkins

Printed: Paul Jenkins

Paul Jenkins, pro-se
PO Box 715
Providence RI 02901
401 - 861-0416