**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PAUL J. JENKINS,<br>PLAINTIFF<br><br>V.<br><br>MARGARET DAVIS MULLEN; WILLIAM F. MULLEN; JOHN DOE; STEVEN DINEZZA; LEA DINEZZA; PAUL GILMORE; AFFORDABEL FUNDING MORTGAGE CORPORATION; RICHARD COSTA; and ARGENT MORTGAGE COMPANY, LLC,<br>DEFENDANTS | C.A. NO. 05-513-ML |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Argent Mortgage Company, LLC ("Argent"), by the undersigned attorney, respectfully moves this Court, pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint for the reasons set forth in the accompanying Memorandum of Law submitted herewith.

ARGENT MORTGAGE COMPANY, LLC

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

James W. Ryan (#4042)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: January 4, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was mailed, postage prepaid, on this 4 day of January, 2006

Mr. Paul J. Jenkins
107 Hendrick Street
Providence, RI 02908

834120_1/3922-2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PAUL J. JENKINS,<br>PLAINTIFF<br><br>V.<br><br>MARGARET DAVIS MULLEN; WILLIAM F. MULLEN; JOHN DOE; STEVEN DINEZZA; LEA DINEZZA; PAUL GILMORE; AFFORDABEL FUNDING MORTGAGE CORPORATION; RICHARD COSTA; and ARGENT MORTGAGE COMPANY, LLC,<br>DEFENDANTS | C.A. NO. 05-513-ML |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

## I. INTRODUCTION

Pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Argent Mortgage Company, LLC ("Argent"), respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint in which the Plaintiff asserts various claims against this Defendant and the named Co-Defendants under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq. as well as certain allegations of common law fraud and deceit. Plaintiff's allegations are, in every respect, woefully deficient and do not meet the minimum threshold requirements in any of the named counts - with regard to the conduct of Argent.

## II. FACTUAL BACKGROUND

The claims set forth in the Complaint concern Plaintiff's purchase of property located at 107 Hendrick Street in Providence, Rhode Island. Plaintiff purchased the property in his own name for a purchase price of $140,000. Plaintiff executed a promissory note and mortgage in favor of Argent on that same date, and Argent funded the loan in the amount of $119,000 based upon an appraisal of $140,000. The closing took place at the office of the closing agent, William F. Mullen, Esq. in Dedham, Massachusetts on May 30, 2003. Other parties named in this lawsuit performed various roles associated with this transaction. It is really unnecessary to describe the role of each of the other parties in that Plaintiff's Complaint, as a matter of law, is so woefully deficient with regard to the allegations he has made that the matter should be dismissed as a matter of law, with prejudice, and whatever sanctions that this Court deems appropriate.

## III. ARGUMENT

### A. PLAINTIFF'S CLAIMS AGAINST ARGENT MUST BE DISMISSED BECAUSE PLAINTIFF'S PLEADINGS FAIL TO MEET THE MINIMUM STATUTORY REQUIREMENTS OF A CIVIL RICO CLAIM

Plaintiff's Complaint which seeks relief from this honorable "Superior Court" fails to meet the minimum requirements of various RICO sections which he alleges were violated by Argent. For example, 18 U.S.C. § 1962(c) provides for civil liability for conducting or participating in an enterprise's affairs through a "pattern of racketeering activity." Section 1961(5) of RICO defines a "pattern of racketeering activity as consisting of "at least two acts of racketeering activity" within the statutory time frame. Section 1961(1) of RICO, in turn provides a lengthy and detailed list of acts that can constitute "racketeering activity."

Therefore, in order to state a RICO claim under section 1962(c), as Plaintiff alleges in Count Two of the Complaint, a plaintiff must allege each of the four elements required

by the statute: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 14-15 (1st Cir. 2000) (quoting *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985) (citation omitted)). As argued herein, Plaintiff's Complaint fails in every element.

The First Circuit has been especially vigilant regarding these pleading requirements. "[I]n cases alleging Civil RICO violations, particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir. 1991). Thus, the First Circuit has stated that "despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1900). "A court assessing a claim's sufficiency has no obligation to take matters on blind faith." *Miranda*. 948 F.2d at 44. "The complaint must be anchored in a bed of facts, not allowed to float freely on a sea of bombast." *Id.*

Plaintiff has failed to meet the specific statutory requirements needed to maintain a RICO action under any of the sections he relies upon. Because Plaintiff's pleadings are deficient on their face, Argent's motion to dismiss should be granted.

**B. PLAINTIFF HAS FAILUED TO ADEQUATELY ALLEGE TWO "PREDICATE ACTS"**

Plaintiff's Complaint fails to satisfy the most basic statutory requirement for civil liability under RICO: allegations of the existence of two "predicate acts" needed for a "pattern of racketeering activity. It is well-established that a civil RICO claim must specifically plead the requisite predicate acts. "[I]t is not enough for a plaintiff to file a RICO action, chant the statutory mantra, and leave identification of predicate acts to the time of trial." *Ahmed v.*

*Rosenblatt.* 118 F.3 886, 889 (1st Cir. 1997), *cert. denied by Ahmed v. Greenwood*, 522 U.S. 1148 (1998).

Here, Plaintiff's entire recitation of the alleged "predicate acts" is contained in two unnumbered paragraphs contained within Count One which merely recite in a conclusory manner that such acts took place without any factual support that:

> During the ten (10) calendar years preceding March 1, 2003 A.D., all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).
>
> Plaintiff further alleges that all Defendants did commit two (2) ore more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 19629(b) *supra.*

Also, Plaintiff's allegations of common-law "fraud" and "deceit" – apart from being wholly unsupported and plead without the particularity required by Fed. R. Civ. P. 9(b) – simply do not constitute predicate acts under Civil RICO. *See Fleet Credit Corp. v. Sion*, 893 F.2d 441, 445 (1st Cir. 1990) ("acts of common law fraud" – including borrowing money under false pretenses, diversion of money and concealment " … do not constitute 'racketeering activity' under the definition found within the RICO statute").

In *Ahmed v. Rosenblatt*, the First Circuit upheld dismissal of a civil RICO action where plaintiff's pleading "contain[ed] only the bald assertion that the defendants (unspecified) used the U.S. mails to fraudulently convey their interests in [plaintiff's] properties, that the defendants (again unspecified used the U.S. Postal Service by mailing unspecified materials, and that the defendants used wire communications." *Ahmed*, 118 F.3d at 889. These "bald assertions," without more, constituted a "[f]ailure to plead predicate acts adequately." *Id.*

Likewise, in *McEvoy Travel, Inc. v. Heritage Travel, Inc.*, the First Circuit upheld dismissal of a civil RICO action where "as a matter of law" the allegations "fail[ed] to show that [defendants] engaged in a scheme to defraud anyone of property or money within the meaning of the mail and wire fraud statutes." *McEvoy Travel*, 904 F.2d at 790.

Nor has Plaintiff pled that Argent "intended to *deceive* [him], by means of false or fraudulent pretenses, representations, promises, or other deceptive conduct." *McEvoy Travel*, 904 F.2d at 791. Indeed, Plaintiff does not claim that Argent *deceived* him and there by caused him harm; at most, Plaintiff merely claims that Argent failed to properly exercise its "oversight responsibilities." Complaint, ¶ 23. Even if Argent's actions were somehow "wrongful" (which they clearly are not), such actions would not constitute a single predicate act within the meaning of 18 U.S.C. 1961(1) – much less a pattern - and, therefore, fail to establish any "pattern" of such activity.[1]

### C. AS TO COUNT I PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD THE EXISTENCE OF AN "ENTERPRISE"

Even if Plaintiff were able to demonstrate the existence of predicate acts as discussed above, Plaintiff's claim must be dismissed because Plaintiff has failed to adequately plead the existence of an "enterprise." The RICO statute defines "enterprise" as:

> Any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

1 Plaintiff's *pro se* status does not excuse his deficient pleadings. Although a *pro se* complaint is to be construed liberally, "*pro se* status does not insulate a party from complying with procedural and substantive law." *Ahmed*, 118 F.3d at 890. The First Circuit in *Ahmed* expressly recognized plaintiff's *pro se* status, and upheld dismissal of his civil RICO claim: "if [*pro se* plaintiffs] present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled. This is distinct from the case at hand, in which the formal elements of the claim were stated without the requisite supporting facts." *Id.* Plaintiff here has not stated even the formal elements of the claim, much less the requisite supporting facts.

18 U.S.C. § 1961(4). Plaintiff does not assert that Argent and the other defendants comprise a "legal entity" but, rather, Plaintiff appears to be claiming that Argent and the other defendants comprise an "associated-in-fact" enterprise.

The United States Supreme court has held that an "associated-in-fact" enterprise under RICO requires "an ongoing organization," with members "function[ing] as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). In addition, the associated-in-fact enterprise must be "separate and apart from the pattern of racketeering in which it engages." *Id.*

However, again, it is not enough for Plaintiff to "chant the statutory mantra." *Ahmed*, 118 F.3d at 889. Plaintiff's Complaint must instead set forth *facts* to support his claim that Argent, together with the other defendants, was "associated-in-fact." For example, in *Ahmed*, the plaintiff sold property he owned in Rhode Island, only to have the sale go awry, resulting in lawsuits for specific performance, foreclosure of notes and the filing of a lis pendens. The plaintiff – acting *pro se*, like the Plaintiff here – brought a civil RICO action against a number of defendants, including the attorney who represented plaintiff in the transaction; the potential purchaser of the property; a second potential purchaser of the property and the corporate entity for which he acted as agent; and the title insurance company. The district court dismissed plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6) on the ground, *inter alia*, that plaintiff's pleadings, claiming that a number of disparate individuals and companies were an "enterprise" formed to deprive him of his property interest, had failed to adequately plead "the existence of an enterprise." *Ahmed*, 118 F.3d at 888. The First Circuit agreed, stating that "the complaint's mere allegation that an enterprise existed does nothing to support that claim or demonstrate how the defendants were purportedly associated in fact." *Id.* at 889.

Here, Plaintiff's Complaint contains nothing more than the unnumbered conclusory allegations set forth in Count III that an enterprise existed:

> At various times and places partially all Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962 (b) and (d).
>
> At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did also conspire to conduct and participate in said RICO enterprise through a *pattern of racketeering activity*, in violation of 18 U.S.C. 1962 (c) and (d).

Plaintiff provides no factual support for this allegation or that Defendants constituted "an ongoing organization," with the members "function[ing] as a continuing unit." *United States v. Turkette*, 452 U.S. at 583. In addition, Plaintiff has failed to show that the alleged enterprise is "separate and apart from the pattern of racketeering in which it engages." *Id.* Indeed, the enterprise alleged by Plaintiff appears to be indistinguishable from the act of racketeering alleged by Plaintiff. Plaintiff's failure to adequately plead an "enterprise" is fatal to his claim.[2]

**D. AS TO COUNT II PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A "PATTERN" OF RACKETEERING ACTIVITY**

Plaintiff's "[f]ailure to plead predicate acts is enough to sink his RICO claim." *Ahmed*, 118 F.3d at 889. However, even if Plaintiff had adequately pled at least two statutorily-recognized predicate acts, Plaintiff's RICO claim still must fail based on Plaintiff's failure to adequately plead a "pattern" or racketeering activity.

As the First Circuit has stated, "'racketeering acts ... do not constitute a pattern simply because they number two or more.'" *Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d 45, 51 (1st Cir. 2000) (citation omitted). Instead, the plaintiff "must also show that the acts

---

2 Closely related to Plaintiff's failure to plead an "enterprise" is Plaintiff's failure to adequately plead that Argent is "associated with" the alleged enterprise. To be "associated with" an alleged RICO enterprise, the defendant must be "'aware of at least the general existence of the enterprise named in the [complaint]' ... and know about its related activities." *United States v. Marino*, 277 F.3d 11, 33 (1st Cir. 2002). *See also United States v. Shifman*, 124 F.3d 31, 35 (1st Cir. 1997) (association element satisfied where defendant "*deliberately* associated himself with [alleged] enterprise") (emphasis added), *cert denied*, 522 U.S. 1116 (1998). Plaintiff's Complaint is devoid of any suggestion that Argent knew of the existence of the alleged enterprise, knew about its related activities, or deliberately associated itself with the other defendant's enterprise.

are related and that they demonstrate a threat of continued criminal activity." *Id.* (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 299, 239 (1989)).

Alleged "predicate acts" that ultimately relate to a single scheme, directed at a single individual, generally do not constitute the required "pattern" under RICO. "RICO is not aimed at a single narrow criminal episode, even if that single episode involves behavior that amounts to several crimes[.]" *Systems Management, Inc. v. Loiselle*, 303 F.3d 100, 105 (1st Cir. 2002). "A single 'scheme' may be reached by RICO ... but only if it is reasonably broad and far reaching." *Id. See also Appearel Art International, Inc. v. Jacobson*, 967 F.2d 720, 723 (1st Cir. 1992) ("however courts express the point, they have consistently held that a single episode does not constitute a 'pattern,' even if that single episode involves behavior that amounts to several crimes"); *Efron v. Embassy Suites (Puerto Rico)*, 223 F.3d at 19 ("the fact that a defendant has been involved in only one scheme with a singular objective and a closed group of targeted victims also strikes us as 'highly relevant' [in determining a pattern of racketeering activity]"); *Gonzalez-Morales*, 221 F.3d at 52 (Courts "have consistently held that a single episode does not constitute a 'pattern' .... Instead, courts have tended to find RICO 'patterns' only where the defendant's conduct consists of 'multiple criminal episodes' over long period of time) (citations omitted); *Schultz v. Rhode Island Hospital Trust National Bank, N.A.*, 94 F.3d 721, 732 (1st Cir. 1996) (rejecting RICO liability where "the alleged racketeering acts ... taken together ... comprise a single effort to facilitate a single financial endeavor").

Plaintiff has alleged – at best – a single transaction that ultimately relates to a single scheme to defraud Plaintiff in connection with fees associated with his purchase of a single piece of real estate. Complaint, ¶¶ 18 and 19. In addition, the actions of the Defendants were directed at a single individual: this Plaintiff. Like the allegations in *Efron* of "a scheme to diminish the value of [plaintiff's] project" the allegations here "do not demonstrate the kind of

broad or ongoing criminal behavior at which the RICO statute was aimed." *Efron*, 223, F.3d at 18. Because Plaintiff has failed to allege the requisite "pattern," his claims against Argent must be dismissed.

**E. AS TO COUNT III PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE A CONSPIRACY TO COMMIT RICO VIOLATIONS**

The only conspiracy-related claim against Argent in Plaintiff's Compliant is the broad and unsubstantiated allegations set forth in Count III that Argent and the other defendants:

> At various times and places partially [sic] all Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).
>
> At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and (d).

As a result of the vagueness of Plaintiff's allegations, it is unclear whether he is asserting a substantive conspiracy claim, or merely an aiding-and-abetting claim, against Argent. In either event, Plaintiff's claim is fatally deficient.

It is well established that "[i]f the pleadings do not state a substantive RICO claim upon which relief may be granted, then the conspiracy claim also fails." *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d at 22 (citing, *inter alia, Salinas v. United States*, 522 U.S. 52, 65 (1997)). Here, for the many reasons stated above, Plaintiff has failed to state a substantive RICO claim. Therefore, the claim of conspiracy must also be dismissed.

Even if Plaintiff were able to state a substantive RICO claim, however, the conspiracy claim must be dismissed. To establish a RICO conspiracy, the plaintiff must allege and prove:

> (1) that a common plan existed (2) to conduct an "enterprise" through a "pattern" of "racketeering activity," that (3) the defendant knowingly joined the venture, and (4) embarked upon, or agreed to carry it out, by committing, or agreeing to the commission of, two or more predicate crimes in connection with his enterprise participation.

*United States v. Ruiz*, 905 F.2d 499, 503 (1st Cir. 1990). "The mainspring of a conspiracy is the existence of a common plan, explicit or implicit, among the conspirators." *Id.* It is the "defendant's intent [that] is critical" to a conspiracy claim. *Id.* As the First Circuit has held:

> In order to provide that a defendant belonged to and participated in a conspiracy, the [plaintiff] must prove two kinds of intent: intent to agree and intent to commit the substantive offense.

*United States v. Rivera-Santiago*, 872 F.2d 1073, 1079 (1st Cir.), *cert. denied*, 492 U.S. 910 (1989). *See also Aetna Casualty*, 43 F. 3d at 1563 ("the requisite state of mind for a RICO conspiracy" is "knowing participation").

In *Miranda v. Ponce Federal Bank*, the plaintiff brought a civil RICO claim against her former employer, a bank, and bank officers after she was terminated for allegedly cooperating in a federal investigation of the bank. Among other claims, she alleged that the defendants, by attempting to have her mislead the federal investigators, conspired to obstruct justice and thereby engaged in a RICO conspiracy in violation of § 1962(d). Noting that the conspiracy claim required that the defendants "joined knowingly in the scheme," the First Circuit upheld dismissal of the claim:

> Here, the conspiracy allegation is perfunctory. It fails to provide any specifics as to the details of the alleged conspiracy or the predicate acts committed in the pursuit thereof. Like RICO claims generally ..., a RICO conspiracy claim that is alleged in wholly conclusory terms will not withstand a motion to dismiss.

*Miranda*, 948 F.2d at 48.

Here, Plaintiff's conspiracy allegation is similarly perfunctory. The allegation is missing the essence of a claim of conspiracy: an allegation of the knowing agreement by Argent to join the conspiracy and to commit two predicate acts. Nowhere does Plaintiff allege that Argent knowingly agreed to join the purported "conspiracy" against him. Nowhere does Plaintiff allege that Argent knowingly agreed to commit the unspecified "predicate offenses" that he claims were carried out against him. Nowhere does Plaintiff allege that Argent had any communications, discussions or dealings with the other defendants such as might otherwise permit an inference of an agreement. Even if the sole purported act asserted against Argent – failure to properly exercise its oversight responsibilities was wrongful, there is no allegation that this act was anything other than isolated conduct by Argent, unconnected to any "conspiracy" against Plaintiff.

Like the dismissed conspiracy allegation in *Miranda*, Plaintiff's claim "fails to provide any specifics as to the details of the alleged conspiracy or the predicate acts committed in the pursuit thereof." *Miranda*, 948 F.2d at 48. Like the allegation in *Miranda*, Plaintiff's conspiracy claim, alleged in wholly conclusory terms, cannot withstand a motion to dismiss.

Consequently, any claim that Argent "aided and abetted" the purported conspiracy fails for the same reasons. The action must be dismissed.

### F. PLAINTIFF'S ALLEGATIONS OF COMMON LAW FRAUD AND DECEIT IN COUNT IV LACK THE PARTICULARITY REQUIRED BY RULE 9

Rule 9(b) of Fed. R. Civ. P. requires that claims of fraud be pled with particularity. Plaintiff has failed to satisfy the requirements of this Rule with regard to allegations of fraud.

> (b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake

> shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).

It is well established that a party must plead each of the elements of fraud with particularity. The elements of common law fraud are (1) false representation or omission of material fact; (2) knowledge of or belief in its falsity by the person making it; (3) belief in its truth by the receiver of the statement; (4) intent that the statement will be acted upon; and (5) detrimental reliance by the person who was deceived. *In re Rockefeller Ctr. Prop., Inc. Securities Litigation*, 311 F.3d 198, 216 (3rd Cir. 2002).

Plaintiff has made only the most general and conclusory allegations that the defendants did "jointly and with scienter" misrepresented the actual cost, nature, and terms and purchase price of the subject property without any description whatsoever of the basis for that allegation. When pleading fraud the plaintiff must allege more than their conclusory allegations of fraud or the technical elements of fraud. *Sunna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997). The particularity requirement of Rule 9(b) applies not only to those claims which are expressly denominated as "fraud" allegations but the claims that are grounded in fraud or that sound in fraud as well.

## IV. CONCLUSION

The First Circuit has expressly recognized the danger of groundless civil RICO claims such as those asserted herein by Plaintiff.

> Civil RICO is an unusually potent weapon – the litigation equipment of a thermo-nuclear device. The very pendency of a RICO suit can be so stigmatizing and its consummation can be costly … for those reasons, it would be unjust if a RICO plaintiff could defeat a motion to dismiss simply be asserting an inequity attributable to defendant's conduct and tagging on the self-serving conclusion that the conduct amounted to racketeering.

*Miranda v. Ponce Federal Bank*, 948 F.2d at 44.

Plaintiff is clearly misusing the RICO statute by making the most broadly-based and conclusory allegations. Plaintiff has not demonstrated facts sufficient to support the claims asserted and the Argent Motion to Dismiss should be granted in its entirety.

Respectfully submitted,

ARGENT MORTGAGE COMPANY, LLC

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

James W. Ryan (#4042)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: January 4, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS was mailed, postage prepaid, on this 4 day of January, 2006

Mr. Paul J. Jenkins
107 Hendrick Street
Providence, RI 02908

834130_1/3922-2