UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL JENKINS

V. CA NO.: 05-513-ML

MARGARET DAVIS MULLEN
WILLIAM F. MULLEN
JOHN DOE
STEVEN DINEZZA
LEA DINEZZA
PAUL GILMORE
AFFORDABLE FUNDING MORTGAGE CORP.
RICHARD COSTA
ARGENT MORTGAGE COMPANY LLC

**MOTION TO DISMISS**

Now comes the defendant, Steven Dinezza and, pursuant to Rule 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to dismiss the above-referenced complaint against him. As grounds for his motion, defendant states that the Complaint fails to state a claim as to which relief may be granted, in short, plaintiff's claims fail to meet the minimum requirements and pleadings for a RICO claim and fail to plead fraud with particularity.

Defendant submits his memorandum of law in support of his motion to dismiss.

Respectfully submitted
Steven Dinezza
By his attorney

Dated: 3/1/06

Michael J. Pisaturo #5936
1312 Atwood Avenue
Johnston, RI 02919
(401) 464-8111
(401) 942-4918 (fax)

Certificate of Service

I hereby certify that I have served a copy of the within motion upon plaintiff, Paul Jenkins, at PO Box 315, Providence, RI 02901-0315 by regular mail on this 1st day of March 2006.

Michael J. Pisaturo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL JENKINS

V. CA NO.: 05-513-ML

MARGARET DAVIS MULLEN
WILLIAM F. MULLEN
JOHN DOE
STEVEN DINEZZA
LEA DINEZZA
PAUL GILMORE
AFFORDABLE FUNDING MORTGAGE CORP.
RICHARD COSTA
ARGENT MORTGAGE COMPANY LLC

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Now comes the defendant, Steven Dinezza and, pursuant to Rule 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to dismiss the above-referenced complaint against him.

## I. Relevant Facts

Plaintiff's claims involve the purchase and sale of a home located at 107 Hendrick Street in Providence almost three years ago. Dinezza was the seller of the property. Plaintiff has now asserted RICO claims under 18 U.S.C. section 1961 et al. based on the funding and closing costs associated with the sale of the property.

Allegations in the Complaint

Plaintiff's complaint makes only limited and conclusory references to Dinezza which include the following:

> 12. Jenkins has been the victim of an illegal scheme perpetrated by MULLEN, DOE, DINEZZA, AFFORDABLE and COSTA to larcenously

misappropriate, misuse and convert JENKINS'S funds by use of fraud, deception and trick.

14. Defendants MULLEN, DOE, DINEZZA, GILMORE, AFFORDABLE and COSTA participated in the scheme using ARGENT as an enterprise to facilitate and conduct their unlawful activities.

15. In or around March of 2003 JENKINS agreed to purchase premises located on Hendrick Street, Providence, RI from DINEZZA for the sum of $148,900, with Doe's broker's commission to be paid by the seller DINEZZA. Unknown to JENKINS at the time, DOE and DINEZZA had already agreed that JENKINS would end up paying the broker's commission in keeping with Doe's standard operating procedure. Gilmore, acting in concert with DOE and DINEZZA along with COSTA and AFFORDABLE, performed a spurious real estate appraisal stating that the value of the premises was $140,000 with an assumption that DINEZZA would be making a cash contribution to Jenkins's Closing costs....

18. On May 30th, 2003 MULLEN closed both the ARGENT first mortgage loan and The DOE second mortgage loan. MULLEN and DOE stated that ARGENT wanted JENKINS and DINEZZA to sign a "side agreement' stating that the $5000.00 paper credit to JENKINS on the RESPA form never occurred in reality. ...

19. Subsequent to May 30th, 2003 JENKINS discovered that Gilmore's appraisal Was fraudulent and that ARGENT never received the $5000.00 "side agreement." In point of fact ARGENT characterized the side agreement as a "deliberate deception" that would have justified not funding the loan. JENKINS father discovered that the RESPA statement supplied to ARGENT did not match the RESPA statement supplied to JENKINS. It became apparent that MULLEN, DOE, COSTA, DINEZZA and AFFORDABLE, along with the assistance of GILMORE, had defrauded and over-charged JENKINS in an illegal closing costs mark up scheme, implementing excess charges for legal fees, costs and title insurance commissions.

20. ARGENT, MULLEN, DOE, DINEZZA, GILMORE, COSTA AND AFFORDABLE associated in fact, collectively and in groups, as a separate enterprises engage in, or enterprises, in fact, engaged in, or the activities which affect, interstate commerce.

24. MULLEN, DOE, DINEZZA, COSTA, GILMORE, AFFORDABLE and COSTA Knowingly engaged in a conspiracy to embezzle and convert Jenkins's funds as participants in a repeated pattern of racketeering activities as defined by **18 U.S.C. 1961 et seq.**

## II. Elements of RICO Claim

To establish a prima facie case for a RICO claim, plaintiff must show that the defendants engaged in "(1) conduct (2) of an enterprise (3) through a pattern of (4) racketeering activity … In addition, the plaintiff has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Lincoln House, Inc. v. Dupre, 903 F.2d 845, 846(1st Cir. 1990) quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285 (1985).

It is also well settled in this jurisdiction that "[A] court assessing a claim's sufficiency has no obligation to take matters on blind faith … [but rather] The complaint must be anchored in a bed of facts." Miranda v. Ponce Federal Bank, 948 F.2d 41,44 (1st Cir. 1991). Such claims can not be based on "bald assertions", speculation or "unsubstantiated conclusions." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

In addition, "[I]t is not enough for a plaintiff to file a RICO action, chant the statutory mantra, and leave identification of predicate acts to the time of trial." Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997), *cert denied* by Ahmed v. Greenwood, 522 U.S. 1148 (1988). Thus a plaintiff cannot shoot first and ask questions later.

This Circuit has taken particular care to note that "[T]he very pendency of a RICO suit can be so stigmatizing and its consummation can be costly …[that] it would be unjust if a RICO plaintiff could defeat a motion to dismiss simply by asserting an inequity attributable to defendant's conduct and tagging on the self-serving conclusion that the conduct amounted to racketeering." Miranda v. Ponce Federal Bank, 948 F.2d at 44.

Unfortunately for plaintiff, his allegations against Dinezza amount to no more than bald assertions, speculation and unsubstantiated conclusions and merely recite the statutory mantra. Indeed, plaintiff's complaint exemplifies the cautionary claims to which this Circuit expressly warned against.

A. Conduct

Plaintiff's complaint fails to state what if any specific conduct of Dinezza he deems to be a violation of RICO. See Lincoln House Inc. v. Dupre, supra., 903 F.2d at 846.

B. Enterprise

Plaintiff's complaint fails to adequately allege the existence of an "enterprise" for RICO purposes. It is well settled that "the complaint's mere allegation that an enterprise existed does nothing to support that claim or demonstrate how the defendants were purportedly associated in fact." Ahmed v. Rosenblatt, 118 F.3d at 889. No where in the complaint, with the exception of self-serving conclusory statements, does plaintiff allege or support how the defendants were associated in fact and thereby constituting an enterprise for RICO purposes.

C. Pattern

To satisfy the requirement of a RICO claim, plaintiff "must also show that the acts are related and that they demonstrate a threat of continued criminal activity." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 51(1st Cir. 2000). Plaintiff has neither delineated any specific predicate acts of Dinezza nor has plaintiff demonstrated a threat of continued criminal activity. Moreover, a single episode does not constitute a pattern. See Systems Management, Inc. v. Loiselle, 303 F.3d 100, 105 (1st Cir. 2002)(RICO is not aimed at a single narrow criminal episode); see also, Apparel Art International, Inc. v. Jacobson, 967 F.2d 720, 723 (1st Cir. 1992); see also 18 U.S.C. Section 1961(5) (pattern entails at least two predicate racketeering acts).

However, to form a RICO "pattern" the two predicate acts must be both "related" and amount to or pose a threat of continued criminal activity." Schultz v. Rhode Island Hospital Trust National Bank, N.A., 94 F.3d 721, 732 (1st Cir. 1996) (A RICO pattern consists of "continuity plus relationship.")(citation omitted).

In particular, this Circuit has held that no RICO liability will exist when the circumstance indicate and the "alleged racketeering acts ... comprise a single effort to facilitate a single financial endeavor." Schultz v. Rhode Island Hospital Trust National Bank, N.A., 94 F.3d 721, 732 (1st Cir. 1996). Plaintiff has not alleged anymore than a single effort to facilitate a single financial endeavor and therefore his claims must fail. Id.; see also Apparel Art International, Inc. v. Jacobson, 967 F.2d 720, 724 (1st Cir. 1992) (courts have tended to find RICO "patterns" only where the defendant's conduct consists of "multiple criminal episodes" extending over long periods of time).

D. Racketeering Activity

To past muster under RICO, a complaint must allege at least two predicate acts of racketeering as defined in section 1961(1) and (5) of 18 U.S.C. Section 1961. Plaintiff's complaint fails to allege any specific predicate acts as defined in the statute that have been allegedly committed by Dinezza.

Bald assertions of wire fraud and fraud and deceit in general are inadequate to satisfy the RICO standard. See Ahmed v. Rosenblatt, supra., 118 F.3d at 889.

## III. Plaintiff's Claim for Fraud and Deceit Are Not Plead With Particularity.

Rule 9(b) of the Federal Rules of Civil Procedure require that claims for fraud and deceit be plead with particularity. See Rule 9(b). Plaintiff has made nothing more than bald assertions and conclusory allegations and has thus failed to satisfy the requirements of the Rule. See Sunna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997).

## IV. Conclusion

For the reasons set forth above, plaintiff's claims against Dinezza must be dismissed.

Respectfully submitted
Steven Dinezza
By his attorney

Dated: 3/1/06

Michael J. Pisaturo #5936
1312 Atwood Avenue
Johnston, RI 02919
(401) 464-8111
(401) 942-4918 (fax)

Certificate of Service

I hereby certify that I have served a copy of the within memo upon plaintiff, Paul Jenkins, at PO Box 315, Providence, RI 02901-0315 by regular mail on this 1st day of March 2006.

Michael J. Pisaturo