UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL JENKINS,
Plaintiff

v. C.A. No.: 05-513-ML

MARGARET DAVIS MULLEN,
WILLIAM F. MULLEN, JOHN DOE,
STEVEN DINEZZA, LEA DINEZZA,
PAUL GILMORE, AFFORDABLE
FUNDING MORTGAGE CORPORATION,
RICHARD COSTA and ARGENT MORTGAGE
COMPANY, LLC,
Defendants

**DEFENDANTS', MARGARET DAVIS MULLEN AND WILLIAM F. MULLEN, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Now come Defendants, Margaret Davis Mullen and William F. Mullen and, in accordance with Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, move this Court for dismissal of Plaintiff's complaint as against the a aforementioned Defendants.

In support of this motion, Defendants respectfully refer the Court to the attached Memorandum.

MARGARET DAVIS MULLEN and
WILLIAM F. MULLEN

By their attorney,

Morrison Mahoney LLP

William E. Sanford, III, 6418
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

# CERTIFICATION

I hereby certify that on this 28 day of March, 2006, I caused to be served by overnight mail (Federal Express), a copy of the within document to:

Paul J. Jenkins
107 Hendrick Street
Providence, RI 02908

Karen Prendergast

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL JENKINS,
Plaintiff

v. C.A. No.: 05-513-ML

MARGARET DAVIS MULLEN,
WILLIAM F. MULLEN, JOHN DOE,
STEVEN DINEZZA, LEA DINEZZA,
PAUL GILMORE, AFFORDABLE
FUNDING MORTGAGE CORPORATION,
RICHARD COSTA and ARGENT MORTGAGE
COMPANY, LLC,
Defendants

**DEFENDANTS', MARGARET DAVIS MULLEN AND WILLIAM F. MULLEN, MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Now come Defendants, Margaret Davis Mullen and William F. Mullen ("The Mullens") and, in accordance with Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, move this Court for dismissal of Plaintiff's complaint as against the afore-mentioned Defendants.

## I. INTRODUCTION

### A. Statement of Case

This case concerns an action brought by plaintiff against several defendants, including The Mullens, under the civil enforcement provisions of The Racketeering Influence and Corrupt Organizations Act, 18 U.S.C. §1961 et seq., hereafter ("RICO"). In addition to RICO allegations, Plaintiff also alleges common law fraud and deception against all defendants.

### B. Statement of Facts

The allegations stem from a real estate transaction concerning property located at 170 Hendrick Street in Providence, Rhode Island. The Mullens' roles in this transaction[1] were those

[1] The closing was conducted by William F. Mullen. While Margaret Davis Mullen was present at the closing, she had essentially no role in its proceedings.

of closing attorneys for co-defendant Argent Mortgage Company, LLC. Various other defendants played their respective parts in the transaction. The specific disputed facts concerning the transaction are irrelevant to this motion, which is based upon plaintiff's failure to allege a claim under RICO for which relief can be granted.

## II. Statement of Law and Argument

### A. Motion to Dismiss Standard

This Court has set forth the following base-line methodology for deciding motions to dismiss: "In deciding whether to dismiss under Fed.R.Civ.P. 12(b)(6), factual allegations of the complaint are to be accepted as true and reasonable inference will be drawn to aid plaintiff." Disandro-Smith & Assoc., P.C., Inc. v. Edron Copier Service, Inc. et al., 722 F.Supp 912, 913 (DRI 1989) (See, Exhibit A attached hereto). However, in light of the powerful damage-provisions of the RICO statute, the First Circuit has determined that "particular care" should be exercised in such cases in order to "prevent abuse or vexatious treatment of defendants." Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir. 1991) (See, Exhibit B attached hereto). It is vital, particularly in the context of civil RICO claims, to note that "[A] court assessing a claim's sufficiency has no obligation to take matters on blind faith . . .," Id., and further that, "[D]espite the highly deferential reading" afforded to a plaintiff on a motion brought under Rule 12(b)(6), "we need not credit bald assertions . . .." Correa-Martinez v. Arillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990) (See, Exhibit C attached hereto).

The First Circuit has expressly recognized the unique danger and stigma attached to prosecution of baseless civil RICO claims. In Miranda, *supra*, the Court stated as follows:

> Civil RICO is an usually potent weapon – the litigation equivalent of a thermo-nuclear device. The very pendancy of a RICO suit can be so stigmatizing and its consummation can be costly . . . for those reasons, it would be unjust if a RICO plaintiff could defeat a motion to dismiss simply by asserting an inequity attributable to defendant's conduct and tagging on the self-serving conclusion that the conduct amounted to racketeering.

Miranda at 44.

As set forth below, the substance of plaintiff's complaint consist of just the sort of self-serving conclusions that the Miranda court warns against.

B. Pleading Requirements of a Civil RICO Claim

In order to maintain a claim for a civil violation of the RICO statute, a plaintiff must show each of the following four elements: (1) Conduct; (2) of an enterprise; (3) through a pattern (4) of racketeering activity ("predicate acts"). Efron et al. vs. Embassy Suites, Inc. et al., 223 F.3d 12, 14-15 (1st Cir. 2000) (See, Exhibit D attached hereto).

The plaintiff fails to adequately plead at least three of the above elements – failure to adequately plead even one of those elements is fatal to plaintiff's complaint.

1. The Plaintiff Has Failed to Adequately Plead the Existence of Predicate Acts

Plaintiff fails to adequately allege the most basic, foundational element of a RICO claim: that some "predicate act[2]" or "racketeering activity," as set forth in 18 U.S.C. §1961(1)(A-F), has been perpetrated against him by The Mullens and other defendants. What is offered by the plaintiff is an unsupported, conclusory statement, claiming that the defendants cooperated in "RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§1961(1)(A) and (B)." See Plaintiff's Complaint, Count One, hereafter "Comp., C1."

In the case of Ahmed v. Rosenblatt et al., 118 F.3d 886 (1st Cir. 1997) (See, Exhibit E attached hereto), the Court, in affirming dismissal of a RICO complaint, held that a plaintiff may not simply "chant the statutory mantra, and leave identification of predicate acts to the time of trial." Id. at 889. Yet this is precisely what plaintiff has done here. Though a brief mention is made in the introductory section of the complaint of "a pattern of racketeering activity alleged herein, e.g. mail fraud and bank fraud," no factual support whatsoever is offered to suggest when, how or where such frauds may have occurred. Further, in the Ahmed case the court dismissed the complaint for failure to adequately plead predicate acts where the complaint consisted only of "the bald assertion that the defendants used the U.S. mails to fraudulently convey their interests in properties . . . and that the defendants used wire commutations. Ahmed *supra* at 889.

[2] It is vital to note that the statute requires allegations of the existence of at least two predicate acts. Efron, *supra* at 15. Again, plaintiff does not adequately allege even one such predicate act, let alone a second.

The plaintiff does include, in Count Four of his complaint, a claim against The Mullens (and all defendants) for common law fraud and deceit. The First Circuit has been clear in its assertion that "[A]cts of common law fraud . . . do not constitute racketeering activity under the definition found within the RICO statue." Fleet Credit Corp. v. Sion, 893 F.2d 441, 445 (1st Cir. 1990) (See, Exhibit F attached hereto). As such, the plaintiff's RICO complaint fails to adequately plead the statute's threshold requirement of predicate acts of racketeering and should be dismissed.

2. The Plaintiff Has Failed to Adequately Plead a "Pattern of Racketeering Activity"

The First Circuit has held that "RICO is not aimed at a single narrow criminal episode, even if that single episode involves behavior that amounts to several crimes." Systems Management, Inc. v. Loiselle, 33 F.3d 100, 105 (1st Cir. 2002) (See, Exhibit G attached hereto), and further that "[H]owever courts express the point, they have consistently held that a single episode does not constitute a "pattern" . . .," Apparel Art International v. Jacobson, 967 F.2d 720, 723 (1st Cir. 2002) (See, Exhibit H attached hereto), and finally "A single episode does not constitute a pattern . . . [i]nstead courts have tended to find RICO patterns only where the defendant's conduct consists of multiple criminal episodes over long periods of time." Gonzalez-Morales v. Hernandez, 221 F.3 45, 52 (1st Cir. 2000) (See, Exhibit I attached hereto).

The "pattern" requirement is discussed at length by the First Circuit in the Efron case *supra*, wherein the court affirmed dismissal of plaintiff's complaint for failure to adequately plead the existence of a pattern. The Efron court framed the issue as follows:

> By statue, the "pattern" element requires a plaintiff show at least two predicate acts or "racketeering activity," which is defined to include violations of specified federal laws, such as mail and wire fraud statutes (citation omitted). Although showing two predicate acts is the only statutory requirement, case law establishes that it is not sufficient to prove a "pattern" – the plaintiff also must demonstrate that the predicate acts are related, and that they amount to or pose a threat of continued criminal activity (citation omitted).

Efron at 7.

Assuming, *aguendo*, that the plaintiff's complaint could somehow be deemed to adequately allege one predicate act[3], those allegations are narrowly limited to the single, residential real estate deal and subsequent closing. One need only read through the twenty-four paragraph "Jurisdiction" section of plaintiff's complaint to see that every paragraph refers to the same lone real estate transaction. The only mention by plaintiff of a "pattern" is contained in Count Three of the complaint, wherein plaintiff states:

> During the ten (10) calendar years preceding March 1, 2003, A.D., Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts . . .. Plaintiff further alleges that all Defendants did commit two (2) or more of the offense itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities . . ..

Comp. C3.

Despite the claim that defendants committed "two or more" predicate acts, plaintiff makes no attempt to even offer a suggestion as to what this other predicate act might be. Plaintiff merely spits forth the above, wholly unsupported "statutory mantra" and nothing more.

Where every allegation in the complaint relates to but one isolated "predicate act," the events of which occupied only a brief three-month period of time in the spring of 2003, plaintiff cannot possible be deemed to have adequately plead a "pattern" of racketeering activity. As the Efron court noted, even if a plaintiff can show two predicate acts, it must also "demonstrate that the predicate acts are related and that they amount to or pose a threat of continued criminal activity . . .," in order to establish a "pattern." Efron *supra* at 7. Plaintiff addresses this requirement, in Count One, with the following, brief, empty, statement, claiming that defendants committed offenses "in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of there respective racketeering activities . . .." No factual basis for "a continuing threat" is even hinted at, here or anywhere in plaintiff's complaint. Where a "pattern" has not been adequately plead, the complaint against The Mullens must be dismissed.

3. The Plaintiff Has Failed to Adequately Allege an "Enterprise"

[3]See again footnote 1: In order to satisfy the "predicate acts" element, plaintiff must allege *two* acts.

The RICO statute defines "enterprise" as follows:

> Any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

18 U.S.C. Sec. 1961(4)

In elaborating on the "enterprise" definition, the U.S. Supreme court stated in U.S. v. Turkette, 452 US 576 (US 1981) (See, Exhibit J attached hereto), that the existence of an enterprise is "[P]roved by evidence of an ongoing organization, formal or informal, and by evidence that the various associations functioned as a continuing unit." Id. at 583. Plaintiff offers nothing in his complaint to support the existence of even an "informal organization" amongst the defendants, nor does he offer any specifics as to how or when the defendants worked as a "continuing" group outside of the one, isolated real estate transaction.

In staying true to his method of attempting to plead RICO elements by parroting the statute with defendants' names "inserted here," plaintiff states:

> Argent, Mullen, Doe , Dinezza, Gilmore, Costa and Affordable associated in fact, collectively and in groups, as a separate enterprises engaged in, or enterprises, in fact, engaged in, or the activities which affect, interstate commerce.

18 U.S.C. Sec. 1961(4)

This paragraph is again a mere "chant" of "the statutory mantra," devoid of any factual back-up, the likes of which the court in Ahmed found to be wholly inadequate: "The complaint's mere allegation that an enterprise existed, does nothing to support that claim or demonstrate how the defendants were purportedly associated in fact." Ahmed at 889. The Ahmed court went on to affirm the district court's dismissal of plaintiff's complaint for failure to adequately plead the "enterprise" requirement of the RICO statute.

Plaintiff further ignored the rule that "The enterprise is not the pattern of racketeering activity; it is an entity separate and a part from the racketeering activity which must be proved." Id. In other words, a plaintiff can not prove the existence of an enterprise by simply deferring to

his allegations of racketeering activity. As the Ahmed court held, "[T]he enterprise at all times remains a separate element which must be proved. . .." Id.

Where plaintiff has inadequately plead the existence of an enterprise, his compliant against The Mullens must be dismissed.

C. Common-law Fraud, Conspiracy

"In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Plaintiff's allegations of fraud, contained in Count Four of his complaint are vague and non-specific in that they do not address any of the five elements of a fraud claim.[4] Further, were it has been established that plaintiff's RICO claim must be dismissed, the plaintiff should not be permitted to maintain his pendant common law fraud claim in federal court[5].

As to plaintiff's apparent conspiracy claim[6], the first Circuit has stated as follows:

> A conspiracy claim under (RICO) may survive a fact finder's conclusion that there is insufficient evidence to prove a RICO violation, but if the pleadings do not state a substantive RICO claim upon which relief may be granted then the conspiracy claims also fails.

Efron, supra, at 29.

Where plaintiff has failed to plead fraud with the specificity required by rule 9(b), his fraud count against The Mullens should be dismissed with prejudice. In the alternative, if the fraud count is somehow found to be adequate, it should still be dismissed where the courts' pendant jurisdiction will disappear upon dismissal of federal RICO counts. Finally, where plaintiff has failed to plead a RICO claim for which relief can be granted, his conspiracy claim must also be dismissed, with prejudice.

---

[4] The common law elements of fraud consist of (1) false representation or omission of material fact; (2) knowledge of or belief in its falsity by the person making it; (3) belief in its truth by the receiver of the statement; (4) intent that the statement will be acted upon; and (5) detrimental reliance by the person who was deceived. In Re Rockefeller Center Properties, Inc., 311 F.3d 198, 216 (3rd Cir. 2002) (See, Exhibit K attached hereto).

[5]The dismissal of federal claims permits a dismissal of pendant state law claims as a matter of discretion. Marietta Realty v. Springfield Redevelopment Auth., 902 F.Supp. 310, 313 (DMASS 1995) (See Exhibit L attached hereto).

[6] Plaintiff 's Count Three of his complaint is entitled "Conspiracy to Engage in Pattern of Racketeering Activity."

III. Conclusion

As set froth in detail above, plaintiff has failed to adequately plead the required elements of a civil RICO claim and to plead with the required specificity a claim for common law fraud. As such his complaint should be dismissed, in its entirety, as to all counts, against defendants The Mullens.

MARGARET DAVIS MULLEN and
WILLIAM F. MULLEN

By their attorney,

Morrison Mahoney LLP

William E. Sanford, III, 6418
121 South Main Street; Ste 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 28 day of March, 2006, I caused to be served by first class mail, a copy of the within document to:

Paul J. Jenkins
107 Hendrick Street
Providence, RI 02908