UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL J. JENKINS,
          Plaintiff,

v.                                                                     CA 05-513ML

MARGARET DAVIS MULLEN;
WILLIAM F. MULLEN; JOHN DOE;
LEA DINEZZA; STEVEN DINEZZA;
PAUL GILMORE;AFFORDABLE
FUNDING MORTGAGE CORPORATION;
RICHARD COSTA; and ARGENT
MORTGAGE COMPANY, LLC,
          Defendants.

MEMORANDUM AND ORDER

This matter is before the Court on Defendant Argent Mortgage Company, LLC's ("Argent") Motion to Dismiss pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant Argent's Motion to Dismiss is granted.

I. Standard of Review

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), "a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff." Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005)(citing Pena-Borrero v. Estremeda, 365 F.3d 7, 11 (1st Cir. 2004)). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations." Rivera, 402 F.3d at 33.

Allegations of fraud must meet the pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. The rule provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). That is to say, "a well-pleaded allegation of fraud should include 'specification of the time, place, and content of an alleged false representation.'" Lares Group, II v. Tobin, 47 F. Supp. 2d 223, 232 n.4 (D.R.I. 1999)(quoting McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980). Conclusory allegations of schemes and conspiracies of silence are inadequate. Lares, 47 F. Supp. 2d at 232 n.4 (citing Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996)).

As a rule, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, pro se litigants are not excused from compliance with procedural rules or substantive law. Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

II. Facts

Pursuant to Rule 12(b)(6), the Court describes the facts of this case accepting all of Plaintiff's allegations as true and making all reasonable inferences in Plaintiff's favor. Plaintiff's Complaint is slim, with only a few paragraphs containing factual averments and the rest of the pleading tracking statutory language without specific mention of the actors in this case or any other details. These few fact-based allegations describe a house sale gone bad. In March 2003, Plaintiff agreed to buy a house in Providence, Rhode Island. At various points in the process of closing on the house, the sellers (Steven and Lea Dinezza), real estate broker (John Doe),

2

appraiser (Paul Gilmore), the mortgage company (Affordable Funding Mortgage Corp.), its employee (Richard Costa), the closing agents (Margaret and William Mullen), and the promissory note-holder (Argent), made what Plaintiff describes as deceptive statements as part of a scheme to defraud him of property. For example, Plaintiff alleges that the Dinezzas agreed to pay the broker's commission on the sale in place of Plaintiff. Similarly, he posits that Mullen and Doe requested that Plaintiff and the Dinezzas sign a statement indicating a $5,000 credit was never granted Plaintiff. Plaintiff also contends Doe, Affordable and Costa misrepresented the sale terms to Argent in order to secure Plaintiff a mortgage from that company. Plaintiff's allegations include other similar accusations of deceptive practices in a real estate transaction, which the Court will not rehearse, as they are similar enough in nature to those listed above to be analyzed under the same rules.

On December 9, 2005, Plaintiff filed a Complaint in this Court. In that Complaint, Plaintiff alleges four counts against the multiple Defendants: (I) Acquisition and Maintenance of an Interest in and Control of an Enterprise Engaged in a Pattern of Racketeering Activity pursuant to 18 U.S.C. § 1962(b); (II) Conduct and Participation in a RICO Enterprise through a Pattern of Racketeering Activity pursuant to 18 U.S.C. § 1962(c); (III) Conspiracy to Engage in a Pattern of Racketeering Activity pursuant to 18 U.S.C. § 1962(d); and (IV) Fraud and Deceit. On January 4, 2006, Defendant Argent moved to dismiss the Complaint as to all claims against it.

### III. Analysis

#### A. Counts I, II, and III: the RICO Charges

To state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

3

18 U.S.C. §§ 1961-1968 (2006), a Plaintiff must allege four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima v. Imrex Company, Inc., 473 U.S. 479, 496 (1985); Giuliano v. Fulton, 399 F.3d 381, 386 (1st Cir. 2005);. "Racketeering activity" means any act that violates the state and federal criminal laws enumerated in 18 U.S.C. § 1961(1). Giuliano, 399 F.3d at 386. The statute defines an "enterprise" as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). While the statute does not define the exact contours of a finding of a "pattern," it does state that a "'pattern of racketeering activity' requires at least two acts of racketeering activity," one occurring within ten years of the other. 18 U.S.C. § 1961(5).

**1. Racketeering Activity**

The RICO statute defines "racketeering activity" by a specific list of acts which are indictable under certain provisions of state and federal criminal codes. 18 U.S.C. § 1961(1). This list is exhaustive, and includes mail and wire fraud pursuant to 18 U.S.C. §§ 1341 and 1343. 18 U.S.C. § 1961(1)(B). Common law fraud and deceit, however, do not constitute "racketeering activity" under RICO. Fleet Credit Corp. v. Sion, 893 F.2d 441, 445 (1st Cir. 1990).

Nowhere in Plaintiff's Complaint is there an allegation of any act of "racketeering activity" as defined by 18 U.S.C. § 1961(1). Plaintiff does describe the conduct at issue as "an illegal scheme perpetrated by Mullen, Doe, Dinezza, Affordable and Costa to larcenously misappropriate, misuse and convert [Plaintiff's] funds by use of fraud, deception and trick." (Compl. ¶ 12.) Defendant Argent is then accused of having been "negligent in its ongoing failure to perform its fiduciary responsibilities owed to [Plaintiff]." (Compl. ¶ 13.) Neither of these

4

allegations signal the violation of a named criminal provision. Nor does Plaintiff indicate anywhere in his Complaint that the fraud perpetrated against him was committed via the United States mails or wires.[1] The Court will not imply or read into the Complaint the mail or wire connection where it is not alleged specifically. Giuliano v. Fulton, 399 F.3d 381, 388 (1st Cir. 2005).

Without allegations of criminal activity enumerated in the RICO statute, Plaintiff cannot sustain a claim of "racketeering activity." The Court is under no obligation to "conjure up unpled allegations in order to bolster the plaintiff's chances of surviving a 12(b)(6) motion to dismiss." Fleet Credit Corp. v. Sion, 893 F.2d 441, 444 (1st Cir. 1990)(internal quotation marks omitted).

## 2. Enterprise

Under RICO, an "enterprise" is defined broadly to encompass both formal, legal entities such as corporations, and informal "associations in fact." 18 U.S.C. § 1961(4). Because Plaintiff makes no claim that Defendants comprise a legal entity, the Court assumes he is attempting to plead an "associated in fact" enterprise.

The Supreme Court has stated that an enterprise is shown by "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583 (1981). The Supreme Court further defined the informal enterprise as "a group of persons associated together for a common purpose of engaging in a course of conduct. . . . an entity separate and apart from the pattern of activity in which it engages." Id. Contrary to some circuits, the First Circuit has hewn closely to

---

[1] In his Opposition to Defendant Argent's Motion to Dismiss, Plaintiff nonetheless argues that he has "more than adequately alleged that the defendant engaged in mail and wire fraud in violation of 18 U.S.C. 1341 & 1343 [sic]." (Pl.'s Mem. Opp'n Def.'s Mot. to Dismiss 6.) There is simply no basis for this assertion, however, as Plaintiff neither named the statutes nor described any conduct constituting their violation in his Complaint.

the Turkette court's definition of enterprise:

> [W]e have approved instructions based strictly on Turkette's explanation of how a criminal association might qualify as a RICO enterprise. In doing so, we have read Turkette to impose a requirement that those associated in fact function as an ongoing unit and constitute an ongoing organization. Also important to such an enterprise is that its members share a common purpose.

United States v. Cianci, 378 F.3d 71, 82 (1st Cir. 2004)(citations and internal quotation marks omitted).

Here, Plaintiff has not alleged any facts indicating that the named Defendants functioned as an ongoing unit, constituted an ongoing organization, or shared a common purpose. Certainly, some of Plaintiff's allegations might be read to imply a concerted effort to defraud him of property; however, these allegations lack indicia of an ongoing or continuing organization. For example, while Plaintiff's allegation that Defendant Argent had selected a closing agent who had previously served as attorney to the real estate broker might signal that the agent and the broker worked in concert, there is nothing in this proffer to indicate the association between the two was long-term or continuing. The rest of Plaintiff's factual averments suffer from the same deficiency.

Moreover, Plaintiff's Complaint alleges only facts that narrowly concern the fraud allegedly perpetrated against him in the one real estate transaction at hand. Because pleading an "association in fact" enterprise requires that Plaintiff allege facts showing a *continuing* association, enduring beyond the conduct at issue in the case, this failure to plead facts beyond the single incident of fraud is fatal to Plaintiff's assertion of a RICO enterprise. Similarly, Plaintiff's failure to describe any conduct beyond the fraud at issue means Plaintiff has not successfully alleged this is an entity separate and apart from the pattern of activity in which it engages. While Defendants may well be read to have shared a common purpose in attempting to deceive Plaintiff,

that alone is not sufficient to show a RICO enterprise. Ultimately, because Plaintiff fails to sufficiently allege an ongoing organization separate and apart from the activity it conducts, his RICO claim of enterprise must fail.

### 3. Pattern

The RICO statute defines "pattern of racketeering activity" as requiring "at least two acts of racketeering activity" committed within ten years of each other. 18 U.S.C. § 1961(5). The Supreme Court has interpreted the "pattern" requirement to mean a plaintiff must allege that the predicate acts of racketeering activity are related and that they amount to or pose a threat of continued criminal activity. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989).

In its discussions of the "pattern" requirement, the Supreme Court has noted that Congress had a "fairly flexible concept of a pattern in mind" when it enacted the statute. Id. The Supreme Court has therefore resisted concrete tests for the finding of a pattern, such as those adopted by some circuit courts requiring "multiple schemes" to show a pattern, and instead has espoused a "commonsense, everyday understanding" of the RICO requirement. Id. at 241. This commonsense approach involves looking to the specific facts of each case to determine whether continuity can be shown, either by a series of related predicates extending over a substantial period of time, or by the nature of the acts themselves, which might indicate a specific threat of repetition extending indefinitely into the future or that the acts are part of an ongoing entity's regular way of doing business. Id. at 242.

The First Circuit has followed this interpretation of Congressional intent closely, and has consistently rejected RICO claims that describe sporadic, unrelated criminal activity, or criminal

activity that, by virtue of focusing on a single scheme to achieve a discrete goal, does not by its nature indicate a threat of continuing indefinitely into the future. Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 19 (1st Cir. 2000)(listing cases).

In the instant case, Plaintiff's Complaint does not specify the two predicate acts of "racketeering activity" required at minimum to ground a RICO claim, much less establish that they are related and that they amount to a threat of continuing criminal activity. Plaintiff merely attempts to fulfill the pleading requirements by intoning the statute:

> During the ten (10) calendar years preceding March 1, 2003 A.D., all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c)(Prohibited activities).

(Compl. 6-7.) Courts have routinely dismissed RICO claims for just this failure to identify two predicate acts, stating, for example, that "[i]t is not enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of predicate acts to the time of trial." Feinstein v. Resolution Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991).

Even if the conduct described by Plaintiff's allegations could be classified as predicate acts under RICO, the brief time span of the action involved, and the fact that only Plaintiff was targeted as a victim would preclude the finding of a pattern. At most, Plaintiff's Complaint describes a scheme to defraud him of property. Courts have been clear that claims of a pattern where the alleged racketeering acts, taken together, comprise a single effort to facilitate a single financial endeavor cannot amount to a pattern of racketeering activity. Efron, 223 F.3d at 19 (citations and internal quotation marks omitted).

Because Counts I and II assert ownership of a share in a RICO enterprise and participation

in a RICO pattern of racketeering activity, the deficiencies of Plaintiff's Complaint, as detailed above, are fatal to those claims. Count III of Plaintiff's Complaint, however, asserts that all of the Defendants conspired to engage in a pattern of racketeering activity. This count fails because nowhere in Plaintiff's Complaint is there an allegation of a knowing agreement by any of the Defendants to commit the predicate acts, as is required in a claim of conspiracy. Miranda v. Ponce Fed. Bank, 948 F.2d 41, 47-48 (1st Cir. 1991)("To succeed, a RICO conspiracy claim must charge that defendants knowingly entered into an agreement to commit two or more predicate crimes.") Nor does Plaintiff allege any communications among the Defendants which might raise an inference of an agreement between them. For this reason, Count III is also fatally flawed.

Count IV: Common law fraud and deceit

Plaintiff claims in Count IV of his Complaint that "[a]ll Defendants jointly and severally and with **scienter** misrepresented the actual costs, nature, terms and purchase price of the subject properly causing justifiable reliance by the plaintiff." (Compl. 8-9.) Complaints of fraud fall under the pleading requirements of Rule 9(b), which requires particularity in pleading. Fed. R. Civ. P. 9(b). "[A] well-pleaded allegation of fraud should include 'specification of the time, place, and content of an alleged false representation.'" Lares Group, II v. Tobin, 47 F. Supp. 2d 223, 232 n.4 (D.R.I. 1999)(quoting McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980).

Plaintiff's allegations of fact contain several assertions of misrepresentation on the part of some of the Defendants. However, none of the allegations of misrepresentation or fraud concern Defendant Argent, at whom Plaintiff primarily levels accusations of negligence. Because none of

9

the allegations of fraud or deceit implicate Defendant Argent, Count IV cannot be sustained against it.

## IV. Conclusion

For the foregoing reasons, Plaintiff has failed to state a claim as to all Counts of his Complaint against Defendant Argent. Defendant Argent's Motion to Dismiss is GRANTED.

SO ORDERED:

_/s/ Mary M. Lisi_

Mary M. Lisi
United States District Judge
April __7__, 2006