UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
MAY 05 2006
U.S. DISTRICT COURT
DISTRICT OF R.I.

PAUL JENKINS

V. CA NO.: 05-513-ML

MARGARET DAVIS MULLEN
WILLIAM F. MULLEN
JOHN DOE
STEVEN DINEZZA
LEA DINEZZA
PAUL GILMORE
AFFORDABLE FUNDING MORTGAGE CORP.
RICHARD COSTA
ARGENT MORTGAGE COMPANY LLC

**LEA DINEZZA'S MOTION TO DISMISS**

Now comes the defendant, Lea Dinezza and, pursuant to Rule 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to dismiss the above-referenced complaint against her. As grounds for his motion, defendant states that the Complaint fails to state a claim as to which relief may be granted, in short, plaintiff's claims fail to meet the minimum requirements and pleadings for a RICO claim and fail to plead fraud with particularity.

Defendant submits her memorandum of law in support of her motion to dismiss and further incorporates by reference herein this Court's Decision and Order of April 7, 2006 (Lisi, J) which was filed in the above-referenced matter.

Respectfully submitted
Lea Dinezza
By her attorney

Dated: May 5, 2006

Michael J. Pisaturo #5936
1312 Atwood Avenue
Johnston, RI 02919
(401) 464-8111
(401) 942-4918 (fax)

Certificate of Service

I hereby certify that I have served a copy of the within motion upon plaintiff, Paul Jenkins, at PO Box 315, Providence, RI 02901-0315 by regular mail on this 5th day of May 2006.

Michael J. Pisaturo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL JENKINS

V. CA NO.: 05-513-ML

MARGARET DAVIS MULLEN
WILLIAM F. MULLEN
JOHN DOE
STEVEN DINEZZA
LEA DINEZZA
PAUL GILMORE
AFFORDABLE FUNDING MORTGAGE CORP.
RICHARD COSTA
ARGENT MORTGAGE COMPANY LLC

**MEMORANDUM OF LAW IN SUPPORT OF LEA DINEZZA'S MOTION TO DISMISS**

Now comes the defendant, Lea Dinezza and, pursuant to Rule 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to dismiss the above-referenced complaint and all claims contained therein against her. In further support of her motion, Lea Dinezza repeats and incorporates herein by reference, this Court's Decision and Order of April 7, 2006 (Lisi, J) regarding the dismissal of all claims against Argent Mortgage Company LLC. For the reasons set forth therein and below, Lea Dinezza requests that all counts against her be dismissed.

## I. Relevant Facts

Plaintiff's claims involve the purchase and sale of a home located at 107 Hendrick Street in Providence almost three years ago. Dinezza was the seller of the property. Plaintiff has now asserted RICO claims under 18 U.S.C. section 1961 et al. based on the funding and closing costs associated with the sale of the property.

Plaintiff's complaint makes only limited and conclusory references to Dinezza. The remaining allegations reference the statutory mantra for RICO claims.

## II. Elements of RICO Claim

To establish a prima facie case for a RICO claim, plaintiff must show that the defendants engaged in "(1) conduct (2) of an enterprise (3) through a pattern of (4) racketeering activity … In addition, the plaintiff has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Lincoln House, Inc. v. Dupre, 903 F.2d 845, 846(1st Cir. 1990) quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285 (1985).

It is also well settled in this jurisdiction that "[A] court assessing a claim's sufficiency has no obligation to take matters on blind faith … [but rather] The complaint must be anchored in a bed of facts." Miranda v. Ponce Federal Bank, 948 F.2d 41,44 (1st Cir. 1991). Such claims can not be based on "bald assertions", speculation or "unsubstantiated conclusions." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

In addition, "[I]t is not enough for a plaintiff to file a RICO action, chant the statutory mantra, and leave identification of predicate acts to the time of trial." Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997), *cert denied* by Ahmed v. Greenwood, 522 U.S. 1148 (1988). Thus a plaintiff cannot shoot first and ask questions later.

This Circuit has taken particular care to note that "[T]he very pendency of a RICO suit can be so stigmatizing and its consummation can be costly …[that] it would be unjust if a RICO plaintiff could defeat a motion to dismiss simply by asserting an inequity attributable to defendant's conduct and tagging on the self-serving conclusion that the conduct amounted to racketeering." Miranda v. Ponce Federal Bank, 948 F.2d at 44.

Unfortunately for plaintiff, his allegations against Dinezza amount to no more than bald assertions, speculation and unsubstantiated conclusions and merely recite the statutory mantra. Indeed, plaintiff's complaint exemplifies the cautionary claims to which this Circuit expressly warned against.

A. Conduct

Plaintiff's complaint fails to state what if any specific conduct of Lea Dinezza he deems to be a violation of RICO. See Lincoln House Inc. v. Dupre, supra., 903 F.2d at 846.

B. Enterprise

Plaintiff's complaint fails to adequately allege the existence of an "enterprise" for RICO purposes. It is well settled that "the complaint's mere allegation that an enterprise existed does nothing to support that claim or demonstrate how the defendants were purportedly associated in fact." Ahmed v. Rosenblatt, 118 F.3d at 889. No where in the complaint, with the exception of self-serving conclusory statements, does plaintiff allege or support how the defendants were associated in fact and thereby constituting an enterprise for RICO purposes. Plaintiff has not established any indicia of an ongoing or continuing organization nor has he shown that this is an entity separate and apart from the pattern of activity in which it engages. For these reasons his RICO claims must fail. See United States v. Turkette, 452 U.S. 576, 583 (1981).

C. Pattern

To satisfy the requirements of a RICO claim, plaintiff "must also show that the acts are related and that they demonstrate a threat of continued criminal activity." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 51(1st Cir. 2000). Plaintiff has neither delineated any specific predicate acts of Dinezza nor has plaintiff demonstrated a threat of continued criminal activity. Moreover, a single episode does not constitute a pattern. See Systems Management, Inc. v. Loiselle, 303 F.3d 100, 105 (1st Cir. 2002)(RICO is not aimed at a single narrow criminal episode); see also, Apparel Art

International, Inc. v. Jacobson, 967 F.2d 720, 723 (1st Cir. 1992); see also 18 U.S.C. Section 1961(5) (pattern entails at least two predicate racketeering acts).

However, to form a RICO "pattern" the two predicate acts must be both "related" and amount to or pose a threat of continued criminal activity." Schultz v. Rhode Island Hospital Trust National Bank, N.A., 94 F.3d 721, 732 (1st Cir. 1996) (A RICO pattern consists of "continuity plus relationship.")(citation omitted).

In particular, this Circuit has held that no RICO liability will exist when the circumstance indicate and the "alleged racketeering acts … comprise a single effort to facilitate a single financial endeavor." Schultz v. Rhode Island Hospital Trust National Bank, N.A., 94 F.3d 721, 732 (1st Cir. 1996). Plaintiff has not alleged anymore than a single effort to facilitate a single financial endeavor and therefore his claims must fail. Id.; see also Apparel Art International, Inc. v. Jacobson, 967 F.2d 720, 724 (1st Cir. 1992) (courts have tended to find RICO "patterns" only where the defendant's conduct consists of "multiple criminal episodes" extending over long periods of time).

For the reasons set forth above, Plaintiff's claims cannot survive. In addition, plaintiff's conspiracy claim must fall because he has failed to demonstrate any knowing agreement by any of the defendants to commit any predicate acts. Miranda, supra., 48 F.2d 47-48.

D. Racketeering Activity

To past muster under RICO, a complaint must allege at least two predicate acts of racketeering as defined in section 1961(1) and (5) of 18 U.S.C. Section 1961. Plaintiff's complaint fails to allege any specific predicate acts as defined in the statute that have been allegedly committed by Lea Dinezza. No where in Plaintiff's complaint is there an allegation of any act of "racketeering activity" as defined by 18 U.S.C. section 1961(1).

Bald assertions of wire fraud and fraud and deceit in general are inadequate to satisfy the RICO standard. See Ahmed v. Rosenblatt, supra., 118 F.3d at 889. Moreover, common law fraud and deceit do not constitute "racketeering activity" under RICO. Fleet Credit Corp. v. Sion, 893 F.2d 441, 445 (1st Cir. 1990). Nor is the Court obligated to "conjure up unpled allegations in order to holster the plaintiff's chances of surviving a 12(b)(6) motion to dismiss." Id. at 444.

## III. Plaintiff's Claim for Fraud and Deceit Are Not Plead With Particularity.

Rule 9(b) of the Federal Rules of Civil Procedure require that claims for fraud and deceit be plead with particularity. See Rule 9(b). Plaintiff has made nothing more than bald assertions and conclusory allegations and has thus failed to satisfy the requirements of the Rule. See Sunna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997).

It is well established that "a well-pleaded allegation of fraud should include 'specification of the time, place and content of an alleged false representation.'" Lares Group, II v. Tobin, 47 F.Supp.2d 223, 232 n.4 (D.R.I. 1999)(quoting McGinty v. Beranger Volkwagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980). Conclusory allegations of schemes and conspiracies of silence are inadequate. Lares, 47 F.Supp 2d at 232 n.4 (citing Doyle v. Hasbro, Inc. 103 F.3d 186, 194 (1st Cir. 1996)(as cited by April 7, 2006 Decision and Order of Lisi, J).

## IV. Conclusion

For the reasons set forth above, all of plaintiff's claims against Lea Dinezza must be dismissed.

Respectfully submitted
Lea Dinezza
By her attorney

Dated: May 5, 2006

Michael J. Pisaturo #5936
1312 Atwood Avenue
Johnston, RI 02919
(401) 464-8111
(401) 942-4918 (fax)

Certificate of Service

I hereby certify that I have served a copy of the within memo upon plaintiff, Paul Jenkins, at PO Box 315, Providence, RI 02901-0315 by regular mail on this 5th day of May 2006.

Michael J. Pisaturo