UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL J. JENKINS | : | |
| | : | |
| | : | |
| v. | : | C.A. No.:05-513 ML |
| | : | |
| MARGARET DAVIS MULLEN, WILLIAM F. MULLEN, JOHN DOE, STEVEN DINEZZA, LEA DINEZZA, PAUL GILMORE, AFFORDABLE FUNDING MORTGAGE CORPORATION RICHARD COSTA, and ARGENT MORTGAGE COMPANY, LLC | : | |

**MOTION TO DISMISS**

Now comes the Defendant, AFFORDABLE FUNDING MORTGAGE CORPORATION, and hereby brings this Motion to Dismiss. The Defendant relies on the attached Memorandum in support thereof.

Wherefore, the Defendant request that this Honorable Court enter an Order dismissing the Plaintiffs' complaint with prejudice.

AFFORDABLE FUNDING
MORTGAGE CORPORATION
By its Attorney,

Leonard Accardo, Jr., #2364
311 Angell Street
Providence, Rhode Island 02906
(401) 421-5100
(401) 621-8885

**CERTIFICATION**

I hereby certify that a copy of the above Motion was mailed, postage prepaid to Paul J. Jenkins, 107 Hendrick Street, Providence, Rhode Island 02908, William Mullen, Esq., 260 Court Street, Dedham, MA 02026, Margaret Davis Mullen, Esq., 260 Court Street, Dedham, MA 02026, John Doe, 60 Ober Road, Newton, Massachusetts 02459,

Steven Dinezza 99 Orchard Valley Drive, Cranston, Rhode Island 02921, Lea Dinezza 99 Orchard Valley Drive, Cranston, Rhode Island 02921, Paul Gilmore, 53 Oak Tree Drive, Johnston, Rhode Island 02919, Richard Costa, 12 Juniper Street, Barrington, Rhode Island 02806, Attn: Shirley DeSilva, Argent Mortgage Company, LLC, 1100 Town & Country Road, Suite 900, Orange, California 92868.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAUL J. JENKINS<br>**Plaintiff** | : | |
| v. | : | C.A. No.:05-513 ML |
| MARGARET DAVIS MULLEN,<br>WILLIAM F. MULLEN, JOHN DOE,<br>STEVEN DINEZZA, LEA DINEZZA,<br>PAUL GILMORE, AFFORDABLE<br>FUNDING MORTGAGE CORPORATION<br>RICHARD COSTA, and ARGENT<br>MORTGAGE COMPANY, LLC<br>**Defendants** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT, AFFORDABLE FUNDING MORTGAGE CORPORATION'S, MOTION TO DISMISS**

## I. TRAVEL OF THE CASE

On or about December 9, 2005, the Plaintiff, PAUL J. JENKINS, filed a complaint against MARGARET DAVIS MULLEN, WILLIAM F. MULLEN, JOHN DOE, STEVEN DINEZZA, LEA DINEZZA, PAUL GILMORE, AFFORDABLE FUNDING MORTGAGE CORPORATION, RICHARD COSTA, and ARGENT MORTGAGE COMPANY, LLC. Accardo Law Offices has entered its appearance on behalf of Affordable Funding Mortgage Corporation.

This action was commenced by Plaintiff, Paul J. Jenkins acting as counsel pro se. The sole relationship between the Plaintiff and the Defendant, Affordable Funding Mortgage Corporation (hereinafter "Affordable") a mortgage broker licensed to make loan in the State of Rhode Island, is that the Plaintiff engaged the broker services of Affordable to assist him with financing in order to facilitate the purchase of the property located at 107 Hendrick Street, Providence, Rhode Island 02908 (hereinafter the "Property") which occurred on or about May 20, 2003.

On or about March 29, 2003 Plaintiff executed a Purchase and Sales Agreement with Defendants, Steven Dinezza and Lea Dinezza. Affordable was not involved in the negotiation of the terms and conditions of the Purchase and Sales Agreement which

included but was not limited to the purchase price. Upon information and belief all negotiations took place between the Plaintiff the Defendants John Doe, Steven Dinezza and Lea Dinezza. Affordable did not engage in providing broker services to Plaintiff until after the Purchase and Sales Agreement was executed. Shortly after the Purchase and Sales Agreement was executed Plaintiff sought out the services of Affordable to provide financing for the purchase. Affordable secured a financing commitment from Defendant, Argent Mortgage Company, LLC, (hereinafter "Argent") with terms and conditions acceptable to Plaintiff which is evidenced by Plaintiff's execution of the applicable closing documents.

## II. ARGUMENT

### THIS HONORABLE COURT SHOULD DISMISS PLAINTIFF'S UNDER FEDERAL RULES OF CIVIL PROCEDURE 12 (b) (6) FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR FAILURE TO ALLEGE NECESSARY ELEMENTS TO PROCEED FORWARD WITH A CLAIM UNDER 18 U.S.C. §§ 1961-1968 (2004)

A. Counts I through III should be dismissed because they fail to allege each of the four elements required by the statute in order to state a claim under 18 U.S.C. 1962 (c) (2004).

In order to proceed forward with a claim under The Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. §§ 1961-1968, which is Title IX of the Organized Crime Control Act of 1970 (OCCA) Plaintiff must allege each of the four elements required by the statute. *S.P.R.L. v. Imrex Co.,*473 U.S. 479, 496 (1985). The four elements required by the statute are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Id.*

Plaintiff has stated that the alleged racketeering activity is mail fraud and bank fraud. However, the Plaintiff has neglected to state what involvement Affordable and/or Argent had with regard to these alleged activities. He merely states that all the Defendants were involved with these activities. Affordable did not participate in any scheme or artifice to defraud, nor did Affordable obtain money or property by means of false or fraudulent pretenses. All money Affordable obtained was properly reflected on the HUD-1 in accordance with the Real Estate Settlement Procedures Act (RESPA) regulations and HUD-1 standards. Furthermore, Affordable delivered all proper disclosures to Plaintiff in accordance with Rhode Island General Laws.

Plaintiff has alleged that all the defendants have engaged in mail fraud and bank fraud. Mail fraud and bank fraud are predicate acts of racketeering. The Plaintiff must

then allege violation of each of these predicate acts. Plaintiff has not done so in his Complaint.

In order to allege bank fraud it must be shown that Affordable **knowingly** executed a scheme (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises… 18 U.S.C. § 1344 (2004).

Affordable had no knowledge of any of the allegations with regard to "side agreements", fraudulent appraisals, and/or false RESPA statements and Plaintiff did not allege that it did. Plaintiff states in his Complaint that all defendants worked together in "an illegal closing cost mark up scheme, implementing excess charges for legal fees, costs and title insurance commissions" However, Plaintiff does not state how he was overcharged or what the standard charges should have been. Furthermore, he does not state that he was overcharged any broker's fees or any charges associated with Affordable's financing. Affordable received the HUD-1 attached hereto and marked as Exhibit A which is the only HUD-1 that was given to Affordable. Upon information and belief a duplicate copy of same was forwarded to Argent. Plaintiffs allegations merely show that at the closing Plaintiff had insufficient funds to close and the realtor, John Doe deferred his commission. Affordable only became aware of this fact when it received a correspondence from Plaintiff approximately one year after the closing at which time under information and belief said John Doe released and reimbursed Plaintiff. The facts are clear that Affordable had no knowledge and/or intent to defraud any financial institution and due to the fact that knowledge is a requirement in order for Plaintiff to maintain this action this Honorable Court should dismiss all claims of bank fraud.

Mail fraud is when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mail or wires in furtherance of that scheme. There is no fact set forth in Plaintiff's claim that would support a claim for mail fraud. All of Affordable's brokerage charges were set forth on the HUD-1 executed by the Plaintiff and approved by Argent as standard and customary charges. Affordable received no funds other than those disclosed and Plaintiff acknowledged receipt of all appropriate disclosures. Therefore, because Plaintiff has failed to plead any acts with regard to mail fraud we respectfully request this claim is dismissed.

The second prong of a successful claim under 18 U.S.C. § 1961-1968 (2004) is the requirement of an enterprise. An enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. The United States Supreme Court has stated that "an entity, for present purposes is a group of persons associated together for a common purpose of engaging in a course of conduct…[This element] is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Unites States v. Turkette,* 452 U.S. 576,583 (1981). Affordable had no previous or subsequent relationship with the Defendants, Steven and Lea Dinezza (Dinezza) and only had random, sporadic relationships with the

other Defendants. All Defendants were separate entities or individuals providing specific services which enabled Plaintiff to purchase the Property. In fact Plaintiff selected Defendants, Margaret Davis Mullen and William F. Mullen (Mullen) to provide title services on his behalf. See Exhibit B & C. Plaintiff makes no allegations that the various associates were functioning as a continuing unit. Plaintiff has failed to set forth the requirement of an enterprise and therefore his Complaint should be dismissed.

The last two requirements that must be set forth in a claim under 18 U.S.C. § §1961-1968 (2004) is a pattern of racketeering activity.

In order to plead a pattern of racketeering activity a Plaintiff must show both a relationship among the predicate acts and continuity and that they either constitute or threaten long-term criminal activity. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239 (1989) (quoting S. Rep. No. 91-617, at 158 (1969)) The acts are related if they have "the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events" *Id.* at 240, quoted Efron v. Embassy Suites (P.R.) Inc., 223 F. 3d 12, 15 (1st Cir. 2000). Continuity requires that "the related predicates amount to or pose a threat of continued criminal activity" *H.J.,* 492 U.S. at 329.

Plaintiff merely alleges that there is a widespread criminal enterprise engaged in a pattern of racketeering activity across state lines, a conspiracy to engage in racketeering activity involving numerous RICO predicate acts during the past three (3) calendar years but Plaintiff fails to set forth any facts to support a **widespread criminal enterprise** allegation. Plaintiff has not set forth any allegations in which the alleged acts were related and not an isolated event. Plaintiff admits his sole relationship with the Defendants as a group related to the purchase and financing of the Property. Therefore Plaintiff does not meet the requirement of a widespread criminal enterprise.

Furthermore Plaintiff's claim must fail because he has not established the RICO continuity requirement. One alleged isolated incident does not fulfill the requirement of continuity. Additionally, Plaintiff did not allege that there was a specific threat of repetition extending indefinitely into the future. Plaintiff was extremely vague as to the pattern of racketeering and set forth no specific requirements nor any relationship or continuity of the alleged criminal activity.

Plaintiff by merely alleging that Affordable engaged in a pattern of racketeering has not set forth a relationship or continuity and it is the Plaintiff's burden to do so. Therefore, we respectfully request that Plaintiff's Complaint is dismissed in its entirety.

## PLAINTIFF IS BARRED FROM BRINGING THIS ACTION UNDER ACCORD AND SATISFACTION

Upon information and belief Stuart Rothman, who is the Defendant, John Doe, has discharged the second mortgage referred to by Plaintiff and refunded any monies received thereunder. Thereby making the Plaintiff whole.

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE HE DID NOT PLEAD FRAUD WITH PARTICULARITY IN ACCORDANCE WITH FED. R. CIV. P. 9(B) (2005).

In Count IV of Plaintiff's Complaint he alleges fraud and deceit. In accordance with Federal Rules of Civil Procedure Rule 9(b) the circumstances constituting fraud shall be stated with particularity Fed. R. Civ. P. 9(b) (2005). The Plaintiff simply states that all defendants jointly and severally and with knowledge misrepresented actual costs, nature, terms and purchase price of the subject Property causing reliance on his part. However, he does not state how the actual costs, nature, terms and purchase price of the subject Property were misrepresented with particularity. As aforementioned Affordable was not involved in the negotiations with regard to the purchase of the Property which included but was not limited to the negotiation of the purchase price. Affordable was given a copy of the Purchase and Sales Agreement after its execution and the purchase price as set forth therein was One Hundred Forty Thousand and 00/100 ($140,000.00) as was reflected on the HUD-1. Affordable gave all necessary disclosures to the Plaintiff as admitted by Plaintiff including without limitation the Good Faith Estimate which set forth an estimate of the closing costs and the Federal Truth in Lending Disclosure Statements. <u>See Exhibits D, E, & F respectively.</u> All closing costs relative to the purchase of the property where accurately reflected in accordance with RESPA requirements and stated on the HUD-1 executed by the Plaintiff. Affordable received no additional funds and/or payments other than those reflected on the HUD-1. Affordable did not induce the Plaintiff to proceed with the purchase. At all times relevant thereto Plaintiff could have engaged counsel to represent him with regard to the purchase and explanation of the closing documents. Furthermore, Plaintiff could have at all material times sought the advice of legal counsel, particularly in light of the fact that Plaintiff is employed as a consultant with Techlaw, Inc. which is an employee-owned Washington based company whose mission is to "analyze complex legal, technical, and regulatory matters".

Affordable should not suffer because the Plaintiff failed to engage counsel when he felt his interests were not protected. Therefore, we pray that this Honorable Court dismiss the Plaintiff's claims for fraud and deceit for a failure to state with particularity what the actions were of Affordable which amounted to fraud and deceit and grant Affordable its costs, attorney's fees, and any other further relief this Court deems just.

**LACK OF SUPPLEMENTAL JURISIDICTION OVER THE DEFENDANT AFFORDABLE**

The Plaintiff claims that he has supplemental jurisdiction over Affordable in accordance with 28 U.S.C. § 1367 (2004) because the supplemental claims arising under the laws of the State of Rhode Island are so related to the Federal claims in this action that they form part of the same case or controversy. However, Plaintiff has only set forth a supplemental claim for fraud and deceit which he has failed to set forth with particularity against Defendant Affordable. Furthermore, in Count IV of the Plaintiff's Complaint he is actually arguing a contract claim disguised as fraud and deceit in which Defendant, Affordable was not involved. Therefore, because Plaintiff's issues in actuality are with regarding the terms and conditions in a Purchase and Sales Agreement and the related closing documents they have no connection to the RICO claims Plaintiff alleges. We request that this Honorable Court decline to exercise supplemental jurisdiction over Count IV of the Complaint.

**LACK OF SUBJECT MATTER JURISDICTION OVER THE DEFENDANT AFFORDABLE**

If this Honorable Court should decide to dismiss Counts I-III of the Plaintiff's Complaint then this Court would have not subject matter jurisdiction over Affordable because this civil action would not arise under the Constitution, laws, or treaties of the United States in accordance with 28 U.S.C. § 1131 (2004). Therefore, if this Honorable Court should dismiss Counts I-III of Plaintiff's Complaint we respectfully request that the entire Complaint is dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

The Plaintiff has not met the requirements to proceed with an 18 U.S.C. §§ 1961-1968 (2004) claim and for that reason his Complaint should be dismissed under Federal Rules of Civil Procedure 12 (b) (6) failure to state a claim upon which relief can be granted. Furthermore, prior to the filing of said claim and upon information and belief the Defendant, Doe, released the second mortgage referred to by Plaintiff and refunded Plaintiff all monies paid pursuant to said mortgage. Therefore, Plaintiff's claim should be dismissed for accord and satisfaction. Plaintiff additionally sets forth Count IV of the Complaint for fraud and deceit. However, Plaintiff does not state with particularity what fraud was perpetrated on him by Affordable and therefore his Complaint should be dismissed in accordance with Federal Rules of Civil Procedure 9 (b) which requires him to plead fraud with particularity. If this Honorable Court should decide to dismiss Plaintiff's Counts I-III then there is no subject matter jurisdiction or supplemental jurisdiction for Count IV and thus that claim should also be dismissed in its entirety. Plaintiff is attempting to disguise a questionable Rhode Island State Court contract action as a Federal RICO Complaint. Therefore, Defendant, Affordable, requests this Honorable Court deny and dismiss each and every allegation and count set forth in the

Plaintiffs' Complaint and to award the Defendant, Affordable, any other relief this court deems right and just.

Defendant
AFFORDABLE FUNDING
MORTGAGE CORPORATION

By its attorney,

Leonard Accardo, Jr., #2364
311 Angell Street
Providence, Rhode Island 02906
(401) 421-5100

Dated: May 8, 2006

**CERTIFICATION**

I hereby certify that a copy of the above Motion was mailed, postage prepaid to Paul J. Jenkins, 107 Hendrick Street, Providence, Rhode Island 02908, William Mullen, Esq., 260 Court Street, Dedham, MA 02026, Margaret Davis Mullen, Esq., 260 Court Street, Dedham, MA 02026, John Doe, 60 Ober Road, Newton, Massachusetts 02459, Steven Dinezza 99 Orchard Valley Drive, Cranston, Rhode Island 02921, Lea Dinezza 99 Orchard Valley Drive, Cranston, Rhode Island 02921, Paul Gilmore, 53 Oak Tree Drive, Johnston, Rhode Island 02919, Richard Costa, 12 Juniper Street, Barrington, Rhode Island 02806, Attn: Shirley DeSilva, Argent Mortgage Company, LLC, 1100 Town & Country Road, Suite 900, Orange, California 92868, National Registered Agents, Inc., 222 Jefferson Boulevard, Suite 200, Warwick, Rhode Island 02888.