**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PAUL J. JENKINS,
PLAINTIFF

V.

MARGARET DAVIS MULLEN; WILLIAM F. MULLEN; JOHN DOE; STEVEN DINEZZA; LEA DINEZZA; PAUL GILMORE; AFFORDABLE FUNDING MORTGAGE CORPORATION; RICHARD COSTA; and ARGENT MORTGAGE COMPANY, LLC,
DEFENDANTS

C.A. NO. 05-513-ML

**OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND CONSOLIDATED MEMORANDUM**

Defendant Argent Mortgage Company, LLC ("Argent") by the undersigned attorney, hereby respectfully objects to the motion of the Plaintiff Paul J. Jenkins ("Jenkins") that this Court reconsider its Memorandum and Order dated April 7, 2006 dismissing the Complaint against Argent pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons set forth in the accompanying Memorandum of Law.

Respectfully submitted,

ARGENT MORTGAGE COMPANY, LLC

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

James W. Ryan (#4042)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: May 11, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND CONSOLIDATED MEMORANDUM was mailed, postage prepaid, on this 11 day of May, 2006.

Paul J. Jenkins
107 Hendrick Street
Providence, RI 02908

William E. Sanford, III
Morrison Mahoney LLP
121 South Main Street
Providence, RI 02903

Michael J. Pisaturo
1312 Atwood Avenue
Johnston, RI 02919

John Doe
60 Ober Road
Newton, MA 02459

Leonard Accardo, Jr.
311 Angell Street
Providence, RI 02906

Lea Dinezza
99 Orchard Valley Drive
Cranston, RI 02921

Paul Gilmore
53 Oak Tree Drive
Johnston, RI 02919

Richard Costa
12 Juniper Street
Barrington, RI 02806

[signature] Jane W Ryan

855548_1/3922-2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PAUL J. JENKINS,
PLAINTIFF

V.

MARGARET DAVIS MULLEN; WILLIAM F. MULLEN; JOHN DOE; STEVEN DINEZZA; LEA DINEZZA; PAUL GILMORE; AFFORDABLE FUNDING MORTGAGE CORPORATION; RICHARD COSTA; and ARGENT MORTGAGE COMPANY, LLC,
DEFENDANTS

C.A. NO. 05-513-ML

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND CONSOLIDATED MEMORANDUM**

## I. FACTUAL BACKGROUND

In December of 2005 Argent Mortgage Company, LLC ("Argent") was served with the Complaint filed by Plaintiff Paul J. Jenkins ("Jenkins"). In his Complaint, Jenkins alleged violations of 18 U.S.C. 1961 and 1962 as well as allegations of common law fraud and deceit against Argent and others. On January 4, 2006, Argent filed a Motion to Dismiss the Complaint pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure with a Memorandum of Law in Support of the Motion to Dismiss. On April 7, 2006 the Court issued a Memorandum and Order ("Memorandum and Order") granting Argent's Motion to Dismiss in all respects. Plaintiff Jenkins has now filed a Consolidated Memorandum which, in part, incorporates a motion for the Court to reconsider its dismissal of the complaint against Argent or in the alternative seeks leave to amend the Complaint. Argent objects to that portion of the

Consolidated Memorandum which purports to constitute a Motion to Reconsider the Court's Memorandum and Order or grant leave to amend.

**II. ARGUMENT**

**A. The Motion to Reconsider Adds Nothing New and Should be Denied.**

Jenkins has added nothing new in his Consolidated Memorandum. In its Memorandum and Order the District Court carefully analyzed the allegations in the Complaint and compared them to the requirements necessary for a valid allegation of racketeering activity as set forth in 18 U.S.C. § 1961 et seq. ("Racketeering Statute") as well as common law fraud and deceit. In every respect the Court found that the Complaint failed to provide sufficient facts to support any of the counts. Neither the Complaint nor the Consolidated Memorandum provides any basis to conclude that Argent has committed any of the predicate acts required of racketeering activity, Jenkins does not allege any facts sufficient to support the existence of a criminal enterprise, nor does the Complaint specify multiple acts of racketeering activity sufficient to satisfy the pattern requirement, and finally, Jenkins' Complaint does not allege facts with sufficient particularity to support allegations of common law fraud and deceit as required under Rule 9(b) of the Federal Rules of Civil Procedure. The Court correctly ruled that based on his Complaint, Jenkins was not entitled to any of the relief sought.

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), "a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff." *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (citing *Pena-Borrero v. Estremeda*, 365 F. 3d 7, 11 (1st Cir. 2004)). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

In his Motion for Reconsideration Jenkins has alleged no additional or new facts in support of the allegations in the Complaint, nor has he argued that the Court misconstrued the facts alleged in the Complaint or challenged the Court's legal analysis. Instead, Jenkins has merely argued that the Court should reconsider its Memorandum and Order "in the interests of justice" without explaining why the interests of justice should tilt in his favor. Even if the interests of justice were to support such an argument, the pleading requirements set forth in Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure stand on their own and would not allow for such a reversal.

**B. Motion to File Amended Complaint.**

In the alternative, Jenkins seeks that the Court allow the Plaintiff to "reformulate his pleadings and file an amended complaint no later than June 7." There is absolutely nothing in the original Complaint or in Jenkins' Consolidated Memorandum which would suggest that there is any reason to believe that an amended complaint would satisfy the prerequisites of the Racketeering Statute and Rule 9(b). Indeed, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> Unless the Court in its Order for Dismissal otherwise specifies, . . . any dismissal . . . , other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits.

A dismissal by the District Court for failure to state a claim is with prejudice, unless the Court specifically orders dismissal without prejudice. *Ostrzenski v. Seigel*, 177 F.3d 245 (C.A. 4th 1999).

The original Complaint was baseless and legally deficient in every respect. There were no factual allegations which support of the claim of racketeering activity nor could there be in that the Complaint is based upon a single real estate transaction and could never qualify as a "pattern of racketeering activity" which is defined in 18 U.S.C. 1961(5) as "at least two acts of

racketeering activity" within the statutory time period (emphasis added) and there is absolutely no reason to believe that these fatal defects could be cured by filing an amended complaint. A reviewing court need not swallow a plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited. *Massachusetts School of Law at Andover, Inc. v. American Bar Association,* 142 F.3d 26, 90 (C.A. 1st, 1998).

Indeed, amendment of the Complaint in this instance would be an exercise in futility in that the pleadings in the original Complaint do not in any fashion approximate the pleading requirements of racketeering activity, criminal enterprise, and/or a pattern as required by the Racketeering Statute. In essence, the Complaint is in shambles. There is ample reason based upon the Complaint and the Motion to Reconsider to conclude that there is no realistic likelihood that the Plaintiff would now be able to state a viable claim. This Court is justified in denying the Motion to Amend simply on the basis of the likely futility of any such amendment.

> "Review of the court's exercise of discretion in this area of the law through the prism of Federal Rules of Civil Procedure 15(a) which indicates that leave to amend a complaint 'shall be freely given when justice so requires'. With practice, this means that the denial of such a motion will be upheld so long as the record evinces an arguably adequate basis for the court's decision (e.g., futility, bad faith, undue delay, or a dilatory motive on the movant's part)."

*Maine State Building and Construction Trades Council v. United States Department of Labor,* 359 F.3d 14 (C.A. 1st 2004). Quoting *Hatch v. Department for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001).

## III. CONCLUSION

Plaintiff's Motion to Reconsider and/or in the alternative Motion to Amend should both be denied.

Respectfully submitted,

ARGENT MORTGAGE COMPANY, LLC

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

James W. Ryan (#4042)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: May 11, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND CONSOLIDATED MEMORANDUM was mailed, postage prepaid, on this 11 day of May, 2006.

Paul J. Jenkins
107 Hendrick Street
Providence, RI 02908

William E. Sanford, III
Morrison Mahoney LLP
121 South Main Street
Providence, RI 02903

Michael J. Pisaturo
1312 Atwood Avenue
Johnston, RI 02919

John Doe
60 Ober Road
Newton, MA 02459

Leonard Accardo, Jr.
311 Angell Street
Providence, RI 02906

Lea Dinezza
99 Orchard Valley Drive
Cranston, RI 02921

Paul Gilmore
53 Oak Tree Drive
Johnston, RI 02919

Richard Costa
12 Juniper Street
Barrington, RI 02806

James W Ryan

855560_1/3922-2