UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL JENKINS

V. CA NO.: 05-513-ML

MARGARET DAVIS MULLEN
WILLIAM F. MULLEN
JOHN DOE
STEVEN DINEZZA
LEA DINEZZA
PAUL GILMORE
AFFORDABLE FUNDING MORTGAGE CORP.
RICHARD COSTA
ARGENT MORTGAGE COMPANY LLC

**Defendants Steven and Lea Dinezza's Objection to Plaintiff's Motion to Amend Complaint**

Now come the defendants, Lea and Steven Dinezza and, pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby objects to plaintiff's motion to amend the complaint. As grounds for their motion, defendants state that plaintiff's motion, pursuant to Rule 15 can only be granted by leave of Court and that plaintiff's request to amend as it pertains to Lea and Steven Dinezza would be futile.

For the reasons set forth above, plaintiff's request to amend should be denied. In support of their objection to plaintiff's motion to amend, Lea and Steven Dinezza submit their memorandum in support of their objection.

Respectfully submitted
Lea and Steven Dinezza
By their attorney

Dated: 5/16/06

Michael J. Pisaturo #5936
1312 Atwood Avenue
Johnston, RI 02919
(401) 464-8111
(401) 942-4918 (fax)

Certificate of Service

I hereby certify that I have served a copy of the within motion upon plaintiff, Paul Jenkins, at PO Box 315, Providence, RI 02901-0315 by regular mail on this 16 day of May 2006 as well the following parties:

Leonard Accardo, Jr., Esq.
311 Angell Street
Providence, RI 02906

William E. Sanford, III, Esq.
Morrison Mahoney LLP
121 South Main Street
Providence, RI 02903

Paul Gilmore
53 Oak Tree Drive
Johnston, RI 02919

Richard Costa
12 Juniper Street
Barrington, RI 02806

Michael J. Pisaturo
Michael J. Pisaturo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL JENKINS

V. CA NO.: 05-513-ML

MARGARET DAVIS MULLEN
WILLIAM F. MULLEN
JOHN DOE
STEVEN DINEZZA
LEA DINEZZA
PAUL GILMORE
AFFORDABLE FUNDING MORTGAGE CORP.
RICHARD COSTA
ARGENT MORTGAGE COMPANY LLC

**Defendants Steven and Lea Dinezza's Memorandum in Support of their Objection to Plaintiff's Motion to Amend Complaint**

Now come the defendants, Lea and Steven Dinezza and hereby submit their memorandum of law in support of their objection to plaintiff's motion to amend the complaint.

In support of their motion, defendants state that plaintiff's motion, pursuant to Rule 15 can only be granted by leave of Court as defendants have previously filed motions to dismiss and plaintiff's request to amend as it pertains to Lea and Steven Dinezza would be futile.

**Any Amendment of the Complaint as it Pertains to Steven and Lea Dinezza Would be Futile**

In Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) the Supreme Court identified some of the reasons for denying a motion to amend. Those reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."371 U.S. at 182.

A motion to amend a complaint may be denied as futile if the "complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir.1996). In determining whether a

proposed amendment would be futile, a court applies the same standard as it would apply to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Id. As such, the Court need not credit bald assertions or legal conclusions. Glassman v. Computervision, Corp., supra. at 628.

Despite the liberal amendment policy reflected in Rule 15(a), leave need not be granted in all cases. See Judge v. City of Lowell, 160 F.3d 67, 79 (1st Cir.1998) (citing 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 at 611 (2d ed.1990)). If the amendment would be futile or would serve no legitimate purpose, the district court "should not needlessly prolong matters" by granting leave to amend. Id. (internal quotations omitted).

Plaintiff's consolidated memorandum adds nothing to the allegations against Steven and Lea Dinezza that would meet and satisfy the requirements of a RICO claim as set forth in defendants Steven and Lea Dinezza's Motions to Dismiss which are hereby incorporated by reference.

Plaintiff's consolidated memorandum fails to establish any criminal enterprise, racketeering activity, pattern, conduct or any predicate acts required for a RICO claim.

**Conclusion**

For the reasons set forth above, the plaintiff's attempt to amend the complaint against Steven and Lea Dinezza should be denied.

Respectfully submitted
Lea and Steven Dinezza
By their attorney

Dated: 5/16/06

Michael J. Pisaturo

Michael J. Pisaturo #5936
1312 Atwood Avenue
Johnston, RI 02919
(401) 464-8111
(401) 942-4918 (fax)

Certificate of Service

I hereby certify that I have served a copy of the within motion upon plaintiff, Paul Jenkins, at PO Box 315, Providence, RI 02901-0315 by regular mail on this 16th day of May 2006 as well as to the following parties:

Leonard Accardo, Jr., Esq.
311 Angell Street
Providence, RI 02906

William E. Sanford, III, Esq.
Morrison Mahoney LLP
121 South Main Street
Providence, RI 02903

Paul Gilmore
53 Oak Tree Drive
Johnston, RI 02919

Richard Costa
12 Juniper Street
Barrington, RI 02806

Michael J. Pisaturo