UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL JENKINS,
Plaintiff

v.

C.A. No.: 05-513-ML

MARGARET DAVIS MULLEN,
WILLIAM F. MULLEN, JOHN DOE,
STEVEN DINEZZA, LEA DINEZZA,
PAUL GILMORE, AFFORDABLE
FUNDING MORTGAGE CORPORATION,
RICHARD COSTA
Defendants

**DEFENDANTS', MARGARET DAVIS MULLEN AND WILLIAM F. MULLEN, OBJECTION TO PLAINTIFF'S MOTION TO AMEND**

Now come Defendants, Margaret Davis Mullen and William F. Mullen and hereby respectfully object to Plaintiff, Paul Jenkins' Motion and/or Request to Amend, as apparently set forth in Plaintiff's Consolidated Memorandum in Opposition to Motion to Dismiss Filed by Affordable and Lea Dinezza, for the reasons set forth in the accompanying Memorandum of Law.

MARGARET DAVIS MULLEN and
WILLIAM F. MULLEN

By their attorney,

Morrison Mahoney LLP

William E. Sanford, III, 6418
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 26th day of June, 2006, I caused to be served by regular mail, postage prepaid, a copy of the within document to:

Paul J. Jenkins
107 Hendrick Street
Providence, RI 02908

Leonard Accardo, Jr., Esq.
ACCARDO LAW OFFICES
311 Angell St.
Providence, RI 02906

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL JENKINS,
Plaintiff

v. C.A. No.: 05-513-ML

MARGARET DAVIS MULLEN,
WILLIAM F. MULLEN, JOHN DOE,
STEVEN DINEZZA, LEA DINEZZA,
PAUL GILMORE, AFFORDABLE
FUNDING MORTGAGE CORPORATION,
RICHARD COSTA
Defendants

**DEFENDANTS', MARGARET DAVIS MULLEN AND WILLIAM F. MULLEN, MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION TO AMEND**

## I. INTRODUCTION

Now come Defendants, Margaret Davis Mullen and William F. Mullen (hereafter, "the Mullens"), and hereby respectfully object to Plaintiff, Paul Jenkins' Motion and/or Request to Amend, as apparently set forth in Plaintiff's Consolidated Memorandum in Opposition to Motion to Dismiss Filed by Affordable and Lea Dinezza, for the reasons set forth below.

## II. FACTS

On or about March 28, 2006, the Mullens filed with the Court their motion to dismiss plaintiff's complaint.

On or about May 8, 2006, defendant, Affordable Funding Mortgage Corporation, filed its own motion to dismiss plaintiff's complaint. Contemporaneously, defendant, Lea Dinezza, filed a motion to dismiss plaintiff's complaint.

On June 13, 2006, plaintiff filed Plaintiff's Consolidated Memorandum in Opposition to Motions to Dismiss Filed by Affordable and Lea Dinezza.

The Mullens note, from the outset, that plaintiff has not "formally" filed a motion seeking to amend his complaint, but rather has apparently inserted a request to amend within his Consolidated Memorandum in Opposition. Specifically, the "Conclusion" section of that Memorandum states: "[P]laintiff should be given adequate time to file a first amended complaint as to all defendants."

It is this request to amend against all defendants, to which the Mullens hereby object.

## III. ARGUMENT

The United States Supreme Court has enumerated several possible reasons for denying a motion to amend, one of which is "futility." Foman v. Davis, 371 U.S. 178, 182 (US 1962) (Exhibit "1," attached). As a test for "futility," the courts have stated that, "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion." Rose v. Hartford Underwriters Insurance Co., 203 F.3d 417, 420 (6th Cir. 2000) (Exhibit "2," attached). See also Judge v. City of Lowell, et al., 160 F3. 67, 79 (1st Cir. 1998) (Exhibit "3," attached), wherein the court stated that if an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters by granting leave to amend (citation omitted).

Plaintiff's request to amend his complaint would be utterly futile in that neither Plaintiff's Consolidated Memorandum in Opposition, nor any of the other memoranda filed by plaintiff since the filing of his complaint, add in any way to his allegations against the Mullens. Plaintiff has still failed to establish the threshold pleading requirements for a RICO claim in that he has not shown the existence of a criminal enterprise, a racketeering activity (let alone a pattern of such activity) or any predicate acts, all as required by statute. The Mullens note that their specific arguments as to plaintiff's failure to state RICO and fraud claims upon which relief can be granted, are set forth in detail in their Motion to Dismiss.

As noted above, the test for futility is whether or not an amendment would survive a Rule 12(b)(6) motion. Where plaintiff has added nothing new of substance in regard to his RICO and fraud allegations, and where the court has already granted a Rule 12(b)(6) motion as to the original complaint (the granting of defendant Argent Mortgage Company LLC's Motion to

Dismiss), then any such amendment offered by plaintiff would be futile and would only serve to "needlessly prolong" the matter. Judge at 79.

Further, the Mullens note that a party moving to amend is required to provide the court with its proposed amended complaint, as an attachment to its motion. Spadafore v. Gardner, 330 F.3d 849, 853 (6th Cir. 2003) (Exhibit "4," attached). As rationale for this requirement, the court has stated that, "Without viewing the proposed amendment, it (is) impossible for the district court to determine whether leave to amend should have been granted." Id. On point, the court in Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913-914 (8th Cir. 2002) (Exhibit "5," attached), held that: [T]here is no absolute or automatic right to amend one's complaint. . . . A district court does not abuse its discretion in failing to invite an amended complaint when a plaintiff has not moved to amend and submitted a proposed amended pleading. . . . [I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." Id. at 914.

Plaintiff has not provided the court with any proposed amendment. As such, plaintiff has afforded the Court no opportunity to evaluate its request to amend, and that request cannot be granted.

## IV. CONCLUSION

For the reasons set forth above, Defendants William Mullen and Margaret Davis Mullen hereby respectfully request that Plaintiff Paul Jenkins's request to amend his complaint be denied.

MARGARET DAVIS MULLEN and
WILLIAM F. MULLEN

By their attorney,

Morrison Mahoney LLP

William E. Sanford, III, 6418
121 South Main Street; Ste 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420



616387v1

**CERTIFICATION**

I hereby certify that on this 26th day of March, 2006, I caused to be served by first class mail, a copy of the within document to:

Paul J. Jenkins
107 Hendrick Street
Providence, RI 02908

Leonard Accardo, Jr., Esq.
ACCARDO LAW OFFICES
311 Angell St.
Providence, RI 02906



616387v1