UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL J. JENKINS,
Plaintiff,

v. C.A. No. 05-513

MARGARET DAVIS MULLEN;
WILLIAM F. MULLEN; JOHN DOE;
LEA DINEZZA; STEVEN DINEZZA;
PAUL GILMORE; AFFORDABLE
FUNDING MORTGAGE CORPORATION;
RICHARD COSTA; and ARGENT
MORTGAGE COMPANY, LLC,
Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's Memorandum and Order dated April 7, 2006, granting Defendant Argent Mortgage Company's Motion to Dismiss. For the reasons set forth below, Plaintiff's motion is denied.

**I. Motion to Reconsider**

Although Plaintiff has not specified, the Court assumes the motion was filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 122 (1st Cir. 1990) ("Circuit precedent suggests that challenges to the correctness of a judgment are properly construed as motions under Rule 59(e)."). It is appropriate for a court to grant a motion to reconsider where 1) the court made a manifest error of fact or law; 2) there is newly discovered evidence; or 3) there has been a

change in the law. McLaughlin v. Unum Life Ins. Co. of America, 212 F.R.D. 40, 41 (D. Me. 2002); Nat'l Metal Finishing Co., 899 F.2d at 124.

Plaintiff fails to articulate a sufficient reason for why the Court should reconsider its decision of April 7, 2006. Plaintiff's seven-page memorandum in support of his motion merely restates the alleged facts underlying the federal claims that the Court already considered and dismissed in its earlier order. A motion for reconsideration is not to be used to rehash arguments previously considered and rejected. Nat'l Metal Finishing Co., 899 F.2d at 123. Accordingly, Plaintiff's Motion to Reconsider is DENIED.[1]

SO ORDERED.

Mary M. Lisi

Mary M. Lisi
United States District Judge
October 16 , 2006

[1] Plaintiff asks that, in the alternative, "the Court should allow the Plaintiff to reformulate his pleadings and file an amended complaint . . . Plaintiff has a right to amend his complaint . . . ." (Pl.'s Memo in support of Motion to Reconsider, pg. 7). It is unclear whether Plaintiff is seeking permission from the Court to amend his complaint or merely claiming a right to amend pursuant to Fed. R. Civ. P. 15(a). Either way, Plaintiff is procedurally premature. Local Rule 15 states that a motion to amend a pleading shall be accompanied by "the proposed amended pleading; and a supporting memorandum that explains how the amended pleading differs from the original and why the amendment is necessary." D.R.I. LR Cv 15. Accordingly, the Court takes no position on Plaintiff's alternative request to file an amended complaint.